Gunter *v.* Sanchez.

## GUNTER *vs.* SANCHEZ *et al.*

The submission of a cause pending in the court of First Instance to referees, to hear and determine the same, is not to be considered as an arbitration by which the cause will be discontinued.

The submission of a cause in court to arbitration, operates as a discontinuance of the suit.

The ordinary mode of enforcing an award is by action; and *it seems* where no statute exists authorizing the court to enter judgment on an award upon motion, that the court has no right to proceed in that way. And a consent to submit a matter to arbitration, does not imply a consent that the party in whose favor the award is made, may enter judgment upon it in court as a matter of course.

The practice of the court of First Instance, sanctioned by custom and approved by the profession, to refer causes to referees to hear and decide thereon, sustained. By such reference the suit is not discontinued.

It is not necessary to make a motion in the court of First Instance to set aside the report of referees, before a party can appeal to this court. HASTINGS, Ch. J. dissenting.

The decision of referees upon a question of fact will be regarded on appeal as conclusive as the verdict of a jury, and will not be interfered with.

Gold dust is not *cash*, within the meaning of a contract calling for the payment of *cash*.

A. purchased of B. a cargo of lumber for $38,000, one half of the purchase money to be paid in *cash*, and one-half in bills at 60 days. The bills were given, and A. offered to pay the balance of the purchase money in gold dust, at $16 the ounce, which B. refused to receive at a higher rate than $15,50 per ounce. A. thereupon paid the whole amount due in gold dust at the latter price, and B. accepted it at that rate. In an action by A. to recover damages for the non-delivery of the lumber within a reasonable time, and also the difference between the gold dust at $15,50 per ounce, and $16 per ounce; *held*, that the portion of the judgment of the court below allowing this difference as damages, should be reversed, and that the rest of the judgment, being for damages sustained by reason of the non-delivery of the lumber, should be affirmed.

It is no answer to the action for non-delivery of the lumber, that the plaintiff re-
sold it soon after the purchase; it appearing that the purchaser from the plaintiff
had a claim against him for non-delivery.

APPEAL from the court of First Instance of the district of San
Francisco. All material facts are stated in the opinion of the
court.

*Gregory Yale*, for plaintiff.

*Alexander Wells*, for defendant.

*By the Court*, BENNETT, J. On the 15th day of October last,
the defendants sold to the plaintiff a cargo of lumber on board
the ship *Almendralina*, lying in the harbor of San Francisco,
for the gross sum of $38,000, payable one half in cash, and the
other half in good bills at 60 days. The lumber was, by the
contract, to be delivered on shore, but no time was fixed for its
delivery. Very soon after the purchase the plaintiff sold the
whole cargo to Messrs. Palmer, Cooke & Co. Previous to the
delivery, the plaintiff paid the full contract price, $19,000 in
gold dust, at $15,50 per ounce, and $19,000 in bills at 60 days.
The plaintiff claimed, at the time of the payment, that the de-
fendants ought to receive the gold dust at $16 per ounce, but
the defendants refused to take it for more than $15,50, and it
was paid to them at that rate, and accepted by them under
protest. The lumber was not all delivered until in the early
part of December; and this action was brought in the court of
First Instance to recover damages for the delay in delivering it,
and also to recover fifty cents on every ounce of gold dust paid,
so as to make it equivalent to $16 per ounce, which was claimed
to have been its market value. The cause was referred by the
consent of parties to three referees, who, after hearing the proofs
and allegations, reported that the refusal of the defendants to
receive gold dust at more than $15,50 per ounce was an unrea-
sonable exaction to the amount of fifty cents per ounce, and
that the plaintiff had sustained damage thereby to the amount
of $989,29, being the principal of fifty cents on the ounce and

ten per cent. per month interest. They also found that the lumber was not delivered within a reasonable time, and assessed the damages sustained by reason thereof at $4000. On the coming in of the report, judgment was rendered in the court of First Instance for $4989,29, the amount reported by the referees. No motion was made in the court below to set aside the report of the referees, but an appeal was taken directly to this court.

It was urged on the argument that the appeal could not be sustained, because the reference of the cause amounted to a submission to arbitration, and because no motion had been made in the court below to set aside the award of the arbitrators. These points have been decided at this term of the court, and we see no reason to doubt the propriety of the decision. If the reference of the cause was a submission to arbitration, the suit ceased to be pending in court, for the submission of a cause to arbitration operates as a discontinuance. (18 *Johns. Rep.* 22; 13 *Wend.* 293.) This we understand to be the common law doctrine. In England, it is only by virtue of the *statutes* 9 *and* 10, *Will. III. c.* 15, and 3 *and* 4 *Will. IV. c.* 42, that *judgment* may be entered upon the award of arbitrators, and enforced as a *judgment* of the court. Previous to these statutes the method of enforcing an award was by action, (1 *Chitty Pl.* 114, 116, 124,) except in those cases where the submission was made a rule of court, and enforced by attachment, as for a contempt, (*Kyd on Awards*, 21,) an innovation introduced by the English courts, but not sanctioned by American practice. The rule of enforcing an award by action prevails generally in the United States, except where otherwise provided by statute. In many, if not all of the states, the statutes above cited have been, in substance, re-enacted, but here we have no statute upon the subject. It follows that if the reference of this cause was a submission to arbitration, the suit was discontinued; and the judgment was consequently rendered without any hearing, without trial, without evidence, and with no suit pending in court between the parties. If this be so, the whole judgment should be reversed.

It was said that judgment may be entered upon an award by

consent of parties. A judgment may be entered by confession for the amount specified in an award in the same way that it may for the sum mentioned in a bond, note, or other instrument; but that is a judgment by confession. There has been in this case no consent of the defendants to the entering of the judgment for the amount reported by the referees. Their consent was given to the reference of the cause, and from that fact it is sought to infer their consent to the judgment. A confession of judgment upon a promissory note might, with the same propriety, be implied from the fact of consent to the making of the note. The judgment appealed from has been rendered, not upon the confession of the defendants, but as the legal result consequent upon the finding of the referees, and wholly independent of the consent of the defendants.

If the proceeding is to be treated as a reference, then the suit was not discontinued, but remained still pending in court. The referees acted as a substitute for a jury, and judgment was properly rendered upon their report the same as upon the verdict of a jury. It is true that a reference is a statutory proceeding, and that there is no statute upon the subject in this state; but, in the anomalous condition of things heretofore existing in California, it has been the practice sanctioned by custom and approved by the profession, to refer causes in the manner above-mentioned. In this case the proceeding was treated by the court below, by the parties, and by the referees, as an ordinary reference, and we think the position now taken for the first time, that it was an arbitration, ought not to be sustained. According to strict practice, a motion in the court below to set aside the report of referees is necessary, before a cause can be taken to an appellate court. But the failure to make such a motion is, like the other matters above noticed, but a defect, error, or imperfection, not affecting the merits of the case, and which we are authorized to overlook by the 26th section of the statute of February 28th, 1850. Besides, the uniform practice of the court of First Instance is to enter judgment on a report of referees, the same as on the verdict of a jury.

Gunter *v.* Sanchez.

That portion of the judgment of the court below, which allows $989,29 for the difference in value of the gold dust, should be reversed. By the contract the lumber was to be paid for in cash, and gold dust is not cash. The defendants, however, could receive it at such price as they chose in lieu of cash, the same as they might accept any other article of merchandise instead of cash. They did receive it at $15,50 per ounce —the plaintiff paid it at that valuation—and though he paid it, as he says, under protest, his protest was a nullity. If gold dust was, in truth, at $16 the ounce, equivalent to cash, why did he not exchange it at that rate for cash, and make his payment in that about which there could be no question? Gold dust is constantly fluctuating in its market value—it is an article of traffic like merchandise, and a payment in it is a payment for just so much as the parties agree, and for no more.

The judgment in other respects cannot be disturbed. Two questions of fact were submitted to the referees—one, whether the lumber was delivered within a reasonable time, and the other, what amount of damage the plaintiff had sustained, in case it was not so delivered. There was a variety of conflicting evidence upon both of these questions; and no rule of law having been violated, the finding of the referees, like the verdict of a jury, ought to be final.

The objection is not well founded, that the lumber having been sold by the plaintiff, he could not have sustained damage by reason of its non-delivery within the proper time. The defendants are liable upon their contract to the plaintiff, and the plaintiff may be liable upon his, to Palmer, Cooke & Co. The latter can maintain no action against the defendants, for there exists no privity of contract between them; and the fact that Palmer, Cooke & Co. do not intend to sue the plaintiff, is not equivalent to a release of their claim upon him.

The judgment of the court below must be modified in accordance with the views above expressed.

HASTINGS, Ch. J. It is admitted that strict practice requires a motion to be made to set aside the report of referees before

the cause can be taken to an appellate court; but this practice is held to be a mere "technicality, defect, error, or imperfection," not affecting the merits of the case, which this court is authorized to overlook by the 26th sec. of the statute of 28th February, A. D. 1850.

In this I differ widely from the majority of this court. The practice requiring such a motion I believe prevails in all courts, both of England and America, and has never been waived before, and authorities need not be cited to show the necessity of such a motion. The 26th sec. of the statute referred to is in substance the law of most of the United States, and yet no court I think has ever held in those states that such a statute cures a defect of the kind.

It seems to be important that such practice should be required in all cases of appeals, for the reason that great injustice may be done to the court below, by giving it no opportunity of correcting its own proceedings.

It may well be asked, from what does the appellant appeal? Not, surely, from the decision of the court, refusing to set aside the report, because the court was never asked to make a decision upon the correctness or injustice of the report; and the appellant, by making no such motion, nor in any manner objecting to judgment upon the same, acquiesced therein; and it seems clear that still greater injustice is done to the party in whose favor the report is made, by causing him to incur the costs, expenses, and delays occasioned by an appeal to this court, when the court below would have afforded the relief sought by appeal, if a motion had been made. I therefore think the judgment of the court below should be affirmed, and no deduction made whatever.