[At the commencement of this volume are published the opinions delivered in the following cases: *Heslep* v. *The City of San Francisco*, decided in July Term, 1852; *Innis* v. *The Steamer Senator*, decided in October Term, 1852; *Smith* v. *Rowe*, and *The People, ex rel. Ed. T. Meñomy* v. *Stephen R. Harris, Mayor*, decided in January Term, 1853; and *Drake & Burlingham* v. *Palmer, Cook & Co.*, decided in October Term, 1853.

These cases having been omitted in the previous volumes of Reports, are inserted here on account of their importance. The opinions sufficiently state the cases in which they have been delivered.]

## A. M. HESLEP, APPELLANT, *v.* THE CITY OF SAN FRANCISCO, RESPONDENT.

ARBITRATION—STATUTE TO BE PURSUED.—To constitute a submission to arbitration under the statute, so as to give the award the effect of a judgment, the statute must be pursued in the manner in which the submission is filed with the Clerk, and the motion made for judgment on the award.

[1] REFERENCE—EFFECT OF.—A reference in which there is no order of Court, or agreement filed with the Clerk or entered on the minutes, is a voluntary withdrawal of the case from the jurisdiction of the Court, by which the Court loses all control over the case and has no authority to enter judgment upon the finding, except by consent of parties.

APPEAL from the Sixth Judicial District.

---

[1] Overruled in *Carsley* v. *Lindsay*, 14 Cal. 395.

Mr. Ch. J. MURRAY delivered the opinion of the Court.

[2]
This was an action in the Court below to recover damages *for a breach of contract concerning the delivery of a quantity of piles.

The defendants filed their answer denying generally all the allegations of the complaint, and the cause being thus at issue, the parties entered into a written stipulation, by which the whole matter was referred to three persons, whose award was to be made the judgment of the Court, subject to all legal exceptions. The cause was not referred by order of Court, and the record contains no reference to the submission until after the award was made and produced in Court, together with the submission and judgment thereon.

Afterwards the defendants filed their motion to set aside the award for reasons specified, and also for a new trial on the ground of newly discovered evidence. While this motion was pending, the parties entered into a written stipulation to refer the exception to the report, and motion for a new trial, to the Hon. Tod Robinson, then Judge of said Court, whose decision thereon, made at any time, should be entered up as judgment of the Court, as of the date of such submission.

After the submission, but before an award was made, said Robinson resigned his office as Judge of the Sixth Judicial District, but proceeded to determine said controversy, and decided the same in favor of the defendants, setting aside the award and granting a new trial.

This award was in writing and addressed to his successor in office, upon which the Court entered up an order in conformity with the finding of said Robinson. The plaintiffs objected to the entry of judgment upon said award, on the ground that it was irregular, illegal and void, which objections were overruled. From this decision the plaintiffs appealed.

It is unnecessary for this Court to examine the objection raised by the appellant's counsel, that the motion for a new trial and to set aside the award, was not made within the time allowed by statute.

This objection does not appear to have been raised in the Court below; besides, we consider the stipulation to refer the whole matter, as a waiver of such objection upon the part of the plaintiffs. It is necessary to an understanding of this case, to de-*termine whether the [3] original submission to their foreman and Edwards, as well as the submission of the motion to vacate their award to Robinson, was a reference or arbitration under the statute, or a common law submission to arbitrament. Chapter 4, Section 380, of the Act concerning Civil Proceedings (Statutes of California, 1851–'52) provides: "Persons capable of contracting may submit to arbitration any controversy which may become the subject of a civil action between them, except a question of title to real property in fee, etc. etc., the submission to arbitration shall be in writing to one or more persons." Section 382: "It may be stipulated in the submission that it be entered as an order of the County or District Court, for which purpose it shall be filed with the Clerk of the Court where the parties, or one of them, reside. The Clerk shall thereupon enter in his register of actions a note of the submission, with the names of the parties, the names of the arbitrators, and the date of the submission, when filed, and the time limited by the submission, if any, within which the award shall be made; when so entered, the submission shall not be revoked without the consent of parties, etc." Section 385: "When the submission is made an order of the Court, the award shall be filed with the Clerk, and a note made thereof in his register. After the expiration of five days from the filing of the award, upon application of a party and affidavit, showing that notice of filing the award has been served on the adverse party or his attorney, at least four days prior to such application, and that no order, staying the entry of judgment, has been served, the award shall be entered by the Clerk in the judgment book, and shall thereupon have the effect of a judgment."

It will be observed then, to constitute a submission to arbitration under our statute, so as to give the award the effect of a judgment, the submission must be filed with the

Clerk in a certain manner, and motion for judgment upon the award made, after the expiration of a certain time, upon notice.

The record in this case does not show any order or entry of the submission in proper form of law, or notice of motion for judgment. There is nothing but the stipulation to refer the case, and the judgment thereon. The persons chosen to decide * the controversy are named as referees, and appear to be so treated and considered by the Court in all subsequent stages of the proceedings, so that there is nothing to warrant us in treating them as arbitrators under the statute.

[4]

Again, the statute provides that "a reference may be ordered upon the agreement of parties filed with the Clerk, or entered in the minutes of the Court." It was admitted by the counsel for both parties, upon the argument, that an order of Court was necessary to constitute a reference under our statute, and no reference would be good, as such, without an order.

If this position is correct, then the finding of the first referees, as well as that of Judge Robinson, is not properly a finding under the statute, as there was no order of Court in either case, or agreement filed with the Clerk, or entered in the minutes. It was a voluntary withdrawal of the case from the jurisdiction of the Court, by which the Court lost all control over the cause, and had no authority to enter judgment upon either finding, except by consent of parties. It is not necessary for us to decide whether the motion for a new trial was submitted to Judge Robinson, as Judge of the Sixth Judicial District, or as an arbitrator or referee, or whether a question of law can properly become the subject of arbitration. The award of the original referees and the award of Judge Robinson stand in the same category, whether considered as the award of arbitrators, or the finding of referees under the statute, both having been made without an order of Court, or a compliance with the requisitions of the law. If it should be contended that they are common law submissions to arbitrament, then the plaintiffs have no standing in Court, and they must

resort to their remedy upon the award.    We are of opinion, that all the proceedings in this case, in the Court below, are irregular.    The appeal is therefore dismissed, and the plaintiffs left to their action at law.

Ordered accordingly.