## MATTHEW S. SCOTT
## v.
## WILLIAM MAXWELL.

FINDING OF REFEREE.—The report and finding of a referee under the statute in reference to the facts is regarded in the same light as the verdict of a jury and should not be set aside or disturbed except upon such grounds as would justify the setting aside of a verdict and granting a new trial.

APPEAL from the Circuit Court of McLean county ; the Hon. O. T. REEVES, Judge, presiding. Opinion filed December 4, 1885.

Messrs. STEVENSON & EWING and Mr. WM. DUFF HAYNE, for appellant.

Messrs. BLADES & NEVILLE, for appellee.

CONGER, J. This was a suit in assumpsit brought by appellee against appellant, claiming a balance due him on a correct statement of account between them of $3,000.

Appellant claimed the balance due him to be $5,000. To determine the question involved an examination of long and complicated accounts, extending over a period of ten years, amounting to over $400,000 was necessary.

The matters in dispute were an alleged partnership in a nursery and in a grader, and the services of Maxwell in taking charge of and conducting a number of farms for Scott for a number of years.

The cause was referred to a referee under the statute and he took the testimony, reported the same to the court with his conclusions thereon, and found a balance due from the appellant to the appellee of $594.56. Exceptions were filed, and upon the hearing the court sustained them in part and rendered judgment upon the report for $400 and allowed to the referee $1,500 as compensation for his services.

The report and findings of the referee, in reference to the

Scott v. Maxwell.

facts, is regarded in the same light as the verdict of a jury, and should not be set aside or disturbed, except upon such grounds as would justify the setting aside of a verdict and granting a new trial.   Keller v. Sutrick, 22 Cal. 471; Gunte v. Sanchez, 1 Cal. 45, 32 ; Walton v. Minturn, 1 Cal. 362; Edwards on Referees, 131.

The evidence is very conflicting, and upon many points barren and unsatisfactory.   After examining it carefully we can not say that the findings of the referee are against the weight of the evidence.

When it is considered that an examination of accounts extending over many years, and involving $400,000, with many items necessarily explained by the testimony, involving an investigation of account books, receipts and papers, which the referee had before him, but from which the record can only give us extracts, it is apparent that great weight should be given to the conclusions reached by a competent and intelligent referee who has been engaged in such investigation for a period of nearly four years.

An exception is also taken to the allowance by the court of $1,500, to the referee.   The testimony of Mr. Prince, the referee, is: " That the time spent in taking evidence extended over four years.   A great deal of time was spent in examining the items of the account between the parties.   When I commenced, expected it to be closed up immediately and kept no account of the time I was engaged; am confident it would exceed a year.   I spent over a month in examining the evidence, passing upon the separate items, and figuring it up."

Under the circumstances of this case, we think the allowance to the referee was not unreasonable.

The judgment of the circuit court will therefore be affirmed.

Affirmed.