[No. 11389.    Department Two. — June 1, 1888.]

CATHERINE DRAGHICEVICH, ADMINISTRATRIX ETC. OF JOHN DRAGHICEVICH, DECEASED, RESPONDENT, *v.* MARCO VULICEVICH, APPELLANT.

ARBITRATION — SUBMISSION MADE PENDING ACTION — DISCONTINUANCE. — The submission of a cause of action to arbitration, made pending an action thereon, operates as a discontinuance of the action, and thereafter the court has no jurisdiction to further proceed.

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion of the court.

*Archer & Bowden,* for Appellant.

*William L. Gill,* for Respondent.

SHARPSTEIN, J. —This action was brought to obtain a dissolution of partnership which it was alleged existed between the parties, and for a distribution of the assets.

The answer does not deny the partnership, but denies some other material allegations of the complaint, and for a further defense alleges that after the complaint was filed, and before the answer was filed, the plaintiff had died, and the defendant as surviving partner had taken into his possession all the personal property of the partnership for the purpose of winding up the affairs thereof, and that he had ever since been engaged in doing so, and that he is ready at any time to render a full and complete account of his acts as such surviving partner.

And for a further defense, defendant alleges that after the filing of said complaint, and before the death of said Draghicevich, said plaintiff and defendant agreed in writing to submit all matters in dispute between them as copartners to the award of arbitrators, who, after hearing said parties, published their award. Therefore defendant prayed to have the action dismissed, with costs, and for such other or further relief as might be meet.

Afterward, and before any further proceedings were had in the case, a stipulation, of which the following is a copy, was filed:—

"It is hereby stipulated that this action was commenced in May, 1883.

"That John Draghicevich, the plaintiff, died on the twenty-second day of August, 1883, while he and defendant were still copartners, as alleged in plaintiff's complaint herein.

"That no receiver was or ever has been appointed in this action.

"That after the death of the said plaintiff, the defendant, as he was advised and believed it to be his duty, took as surviving partner of said copartnership into his business all the personal property of said partnership belonging thereto at the date of the death of said decedent, for the purpose of winding up the business of said copartnership, and ever since has been engaged in winding up the affairs of said copartnership.

"That on the eighteenth day of June, 1883, the plaintiff and defendant entered into the submission attached to the defendant's answer, and marked 'Exhibit A.' And all the allegations of said answer in reference to the arbitration in pursuance of said submission, and the acts of the parties thereunder subsequent to said arbitration agreement, and to the date of the death of decedent, are true, as in said answer alleged.

"It is further stipulated that this action shall be submitted for decision of the court upon the foregoing facts, and upon the further stipulation that all the allegations contained in said complaint are true, and upon the answer of defendant as the pleading in said action.

"Dated San José, February 19, 1884.

"WM. L. GILL,
  "Plaintiff's Attorney,
"BURT & PFISTER,
  "Attorneys for Defendant."

The case was tried by the court, findings filed, and judgment entered.

Appellant insists that the submission to arbitration, and the acquiescence of the parties therein, operated as a discontinuance of the action, and cites *Gunter* v. *Sanchez*, 1 Cal. 45, in which the court said: " If the reference of the cause was a submission to arbitration, the suit ceased to be pending in court, for the submission of a cause to arbitration operates as a discontinuance."

In the agreement to submit the matters in controversy to arbitrators, it was not stipulated that it be entered as an order of the court, nor does it appear to have been filed with the clerk. Therefore it cannot be treated as an arbitration under the code. (Code Civ. Proc., sec. 1283.) The case is not unlike *Heslep* v. *San Francisco*, 4 Cal. 1, in which the court said that the agreement to submit the matters in dispute to arbitrators " was a voluntary withdrawal of the case from the jurisdiction of the court, by which the court lost all control over the cause."

It was further said in that case that if it should be contended that it was a common-law submission to arbitration, then the plaintiffs had lost all standing in court, and must resort to their remedy on the award.

We think the submission of the cause to arbitrators operated as a discontinuance of the action, and that after such discontinuance the proceedings of the court were without jurisdiction.

This conclusion renders it unnecessary to consider the other points presented by appellant.

Judgment reversed, and the court below is directed to dismiss the action.

McFARLAND, J., and THORNTON, J., concurred.