# Hamilton *versus* Hart.

Where a sealed contract expressly provides for the manner in which certain of its terms may be altered by the parties, pending its performance, such alterations will not reduce the specialty to a contract by parol; the contract remains a specialty, and an action founded upon it must be in covenant or debt—assumpsit will not lie.

April 23d, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Montgomery county:* Of January Term 1885, No. 393.

This was an action of assumpsit, by John D. Hart against William C. Hamilton and Charles L. Hamilton, trading as William C. Hamilton & Son. The plaintiff declared upon a sealed contract made with defendants to build additions to their paper mill, etc., setting out the contract and specifications verbatim in a special count, and alleging parol variations. Defendants pleaded non assumpsit and payment with leave, etc.

On the trial, plaintiff offered in evidence the sealed contract, dated June 8th, 1882. Defendants objected on the ground that it could not be given in evidence in this form of action. Plaintiff then said he proposed to follow it up by

proof that there were verbal alterations made in it, thus making the whole a parol contract. Defendants still objected. The court admitted the evidence for the time, reserving the point as to what its effect would be thereafter. Exception. The agreement was subsequently treated as admitted in evidence generally.

The terms of the sealed contract, and the character of the alterations, so far as material to the decision, are quoted and set forth in the opinion of this court.

Defendants submitted the following points:

2. There is no evidence of changes in the sealed contract sufficient to convert it into a parol agreement, and the plaintiff cannot recover in this form of action.

Answer. Neither can we affirm this point.

8. Under the pleadings in this case, and the bill of particulars furnished by the plaintiffs, there can be no recovery in this suit.

Answer. We cannot affirm this point.

Verdict and judgment for plaintiff. The defendants took this writ of error, assigning for error the admission of the sealed contract, the action being assumpsit, and the answers to the above points.

It was stated in the paper books that the writ of error had been taken in order to determine the single question whether the action in its present form, assumpsit, can be maintained.

*G. R. Fox*, for the plaintiff in error.—The cause of action here arose upon a specialty, which provided in terms for changes in the work to be subsequently agreed upon by the parties; the original contract has not been abandoned or reduced to parol, and the remedy is in covenant and not assumpsit: Jordan *v*. Cooper, 3 S. & R., 578; McManus *v*. Cassidy, 16 P. F. S., 260. The case is ruled by Shaeffer *v*. Geissenberg, 11 Wr., 500. It cannot be distinguished from that case, except that there the alterations were vastly more extensive than here.

A mere additional parol agreement, not changing or modifying the one under seal, will not change it from specialty to parol: Ellmaker *v*. Ins. Co., 6 W. & S., 439; Quigley *v*. Dehaas, 39 Leg. Int., 62; Harley *v*. Parry, 6 Har., 44. Nor a parol stipulation waiving performance of part of the sealed contract. When parts of the covenant are waived, the waiver does not render it a new contract, and the remedy is by action of covenant: McCombs *v*. McKennan, 2 W. & S., 217; Monocacy Bridge Co. *v*. Bridge Man. Co., 2 Nor., 517. If the plaintiff insists on the benefit of a special agreement, he will be compelled to declare on it: Algeo *v*. Algeo, 10 S. & R.,

235; Harris *v.* Ligget, 1 W. & S., 305. If a party has a security of a higher nature than a promise, he must found his action thereon. Assumpsit cannot in general be supported where there is a contract under seal: January *v.* Goodman, 1 Dall., 208; Gilson *v.* Stewart, 7 Watts, 103. This contract provided for the alterations. They were not by parol. Even if they were, they did not so change the contract as to make it a new one, and that is the vital distinction between this and Vicary *v.* Moore, and all that class of cases. In O'Reilly *v.* Kerns, 2 P. F. S., 214, it is held, that alterations, when directed and executed, are as much within the contract as any other part of the work.

*Charles Hunsicker*, for the defendant in error, argued that the sealed agreement had been, by parol modifications, turned into a parol contract, on which assumpsit was the proper form of action, within the principle of Vicary *v.* Moore, 2 Watts, 451, and similar cases.

Mr. Justice GORDON delivered the opinion of the court, October 5th, 1885.

That the verbal alteration of a sealed contract makes the entire agreement, including the writing, parol, is a doctrine now so well established as to preclude all doubt or hesitation. Vicary *v.* Moore, 2 Watts, 451, has been regarded as a leading case, and has been steadily followed, down to the case of Carrier & Baum *v.* Dilworth, 9 P. F. S., 406. But it is equally true, as stated in McManus *v.* Cassidy, 16 Id., 260, that when the cause of action arises on a sealed instrument, the form must be debt or covenant, and the exception is only where the specialty has been so far altered by parol as to make substantially a new contract. The contract in hand, however, was never altered either in fact or intention.

When we take up and examine the special averment in the *narr.*, we find the alleged variance to consist of certain alterations made in the execution of the work, such as the taking down of the stack instead of throwing it down; sinking the foundations deeper than provided for in the specifications, and for additional timber and extra work furnished and done in and about the erection of the building. But for all this the contract itself, in express terms, provides: "The said Hart shall change the quantity or character of the work and materials called for by the said plans and specifications at any time the said architect shall so direct, and the price thereof shall be reasonable and proportionate so far as may be, whether it shall be added or subtracted from the consideration hereinbefore mentioned. Any change or alteration made by the said

William C. Hamilton & Son, or said architect, shall not invalidate the agreement, and the cost thereof shall be agreed upon and endorsed on this agreement, before said alterations are made.  If the said Hart and the said Hamilton & Son are unable to agree as to such cost, whether as an addition or deduction, said cost shall be determined by the architect, whose decision on all points affecting this agreement and the alterations thereof, shall be final and conclusive on both parties, and the said John D. Hart hereby expressly covenants and agrees that he will conform to and comply with and carry out all the decisions of the said architect, and the said Hart further agrees to give bond for the sum of ten thousand dollars with surety for the prompt performance of this contract, and will furnish a release of liens for all work done and materials furnished."

Here is the most ample provision made for every alteration that may be required, either in the work or material, done or furnished, in and about the construction of the premises, and also the manner in which the cost thereof shall be settled. Admitting, then, all the allegations made in the plaintiff's *narr.*, and in his bill of particulars, yet do they not alter or vary the specialty in the slightest degree; its provisions include them all, and they could only be enforced by the action of covenant.  The case of Shaeffer *v.* Geisenberg, 11 Wr., 500, is in point, and rules the controversy against the plaintiff.  It was there held, that while a contract under seal, for a special purpose, exists, the rights of the parties thereto are fixed by it, and, unless it be abandoned, the remedy of either party for a breach thereof, is covenant and not case.  There, as here, the contract provided the manner in which alterations and extra work should be made, and the price settled; it was, therefore, adjudged that for the cost of such extra work the remedy was on the agreement, and that the action of assumpsit could not be maintained.

The judgment is reversed.