# WM. C. HAMILTON & SON v. JOHN D. HART.

ERROR TO THE COURT OF COMMON PLEAS OF MONTGOMERY
COUNTY.

Argued February 5, 1889—Decided April 1, 1889.
[To be reported.]

1. An award which is not final, or is not complete as to all matters
included in the submission, is void altogether, and is not admissible
even as an account stated: Hostetter v. Pittsburgh, 107 Pa. 419, distin-
guished.

(a) A building contract which constituted a submission to arbitration, pro-
vided for a release of liens. and contemplated the settlement by the
arbitrator of all differences which should arise between the parties in the
course of the work: complaints were made and deductions claimed for
bad workmanship and negligence.

(b) The award filed was in the form of a statement of account between
the parties and contained no reference to the differences, the arbitrator
regarding the court as the proper tribunal for their settlement: at the
end of the award the arbitrator stated that he would not accept the
release of liens offered. Held:

2. That the award was not final, both because certain matters within the
submission were not passed upon by the arbitrator, and because it yet
remained for him to approve a release of liens; and that, although the
award was not valid, the contract still remained in force, and the plaint-
iff's remedy was open to him whenever a valid award was made.

3. Where the parties to an agreement, which is the basis of a submission
to arbitration, are dissatisfied with the award thereon, and one of them
repudiates it by bringing a suit upon the agreement which is decided
against him, he will not be permitted to fall back upon the award.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
MITCHELL, JJ.

No. 139 July Term, 1888, Sup. Ct.; court below, No. 94 June
Term 1886, C. P.

Action of debt brought on May 17, 1886, by John D. Hart
against William C. Hamilton and Charles L. Hamilton, trading
as Wm. C. Hamilton & Son, upon an award of an architect,
made under a building contract under seal between the parties
to the suit.

The contract provided for certain alterations and additions

to the Hamiltons' paper mills, to be made by Hart who was a builder, and contained, inter alia, the following stipulations:

"First. The work shall be done and materials furnished in accordance with the plans and specifications prepared by A. Penrose Benner, the architect, and any detail plans furnished by him during the progress of the work, and shall be subject to his inspection and approval."

"Third. The architect shall have power to reject and remove (in case the said Hart refuse so to do) any materials and workmanship which, in his judgment, are unsuitable for the work, and to substitute suitable materials and workmanship therefor, and to charge the cost thereof to the said Hart, or deduct the same from the amount otherwise due under this agreement."

"Fifth. The said Hart will change the quantity or character of the work and materials called for by the said plans and specifications at any time the architect shall so direct, and the price therefor shall be reasonable and proportionate so far as may be, whether it shall be added or subtracted from the consideration hereinbefore mentioned.

"Any change or alteration made by said William C. Hamilton & Son, or said architect, shall not invalidate this agreement, and the cost thereof shall be agreed upon and indorsed on this agreement, before said alterations are made. If the said Hart and the said Hamilton & Son are unable to agree as to such cost, whether as an addition or deduction, said cost shall be determined by said architect, whose decision on all points affecting this agreement and the alterations thereof, or under said alterations, shall be final and conclusive on both parties; and the said John D. Hart hereby expressly covenants and agrees that he will conform to and comply with and carry out all such decisions of said architect, and the said Hart further agrees to give bond for the sum of ten thousand dollars, with a surety for the prompt performance of his contract, and will furnish a release of liens for all work done and materials furnished."

The parties failed to agree and the architect was called upon to settle the dispute. Among other things, the Hamiltons claimed damages for unreasonable delay in the work, for a bad foundation wall in one of the buildings, and for injury to a steam engine caused by Hart's negligence.

Statement of Facts.

The architect filed the following as an award between the parties:

Philadelphia, February 14, 1883.

Messrs. W. C. HAMILTON & SON,

To JOHN D. HART, DR.

| | | |
|---|---|---:|
| To amount of contract, | . . | $11,269.00 |
| " 3683 feet of flag stone work at 22½, | . | 828.67 |
| " extra work, per statement accompanying, | | 312.04 |
| " taking down of stack, extra allowance to prevent accident, | . . . | 100.00 |
| " extra service of a plasterer, repairing damage by riggers, | . . . . | 6.08 |
| " 3400 bricks at 8.25 per M, | . . | 28.05 |
| " freight on bricks, | . . | 17.32 |
| " 15 days work of a brick layer at 3.90, | . | 58.50 |
| " 1 day of a laborer, | . . | 2.90 |

|  |  |
|---|---:|
| | $12,622.56 |
| Less estimated amount to complete work left undone, | 300.00 |
| | 12,322.56 |
| Less amount of former payments, . | 6,000.00 |
| Balance due, . . | $6,322.56 |

I will here say I will not accept the release of liens in its present condition.

A. PENROSE BENNER,
Architect.

Upon this award the present suit was brought by Hart to recover the balance thereby appearing in his favor. At the trial the plaintiff was allowed to put the contract and the award in evidence,[8] and testified to facts substantially as above recited.

To impeach the award and to show that it was not final, the defendants offered to prove by the architect:

That Hart refused to abide by the award or these findings of his; that before the paper was finally drawn the architect met the parties at the office of Messrs. Hamilton; that he prepared a statement there somewhat similar to this, and subsequently

prepared this statement; that he stated to Hart that he would require him to furnish a release of liens which should be satisfactory to him, Benner, as arbitrator, and stated to him, also, the amount which he would award to be paid to him upon his producing a satisfactory release of liens and giving a bond to indemnify Hamilton & Son for any injury they might sustain in consequence of the badly built walls which Hart had put up under the contract; also, that Hart refused to accept or be bound by the award; also, that Hart never did produce to the witness, the arbitrator, any release of liens which was satisfactory to or approved by him.

Objected to.

By the court: Objection sustained; exception.[12]

Defendants also made the following offer:

To prove by the witness that Messrs. Hamilton & Son made claims before him at the time of the meeting referred to, for damages for delay on the part of Hart in the completion of the work under the contract, and that the arbitrator stated at the time that he could not act upon these claims because he was of the impression they were matters which could only be decided by a court, and that Messrs. Hamilton would have to proceed by suit in court to recover these damages; also, that Hamilton made claim for damages done by Hart's negligence to an engine on the premises.

Objected to.

By the court: Objection sustained; exception.[13]

Defendants further offered the record of a suit brought by Hart against them to No. 131 March Term 1883, and the bill of particulars therein, to show that Hart had repudiated this award and brought suit in court upon the same claim.

Objected to.

By the court: Objection sustained; exception.[11]

The defendants submitted, inter alia, the following points:

3. The alleged award offered in evidence not being a final award of all matters arising under the contract, is void and the plaintiff cannot recover.

Answer: This is refused.[20]

4. The plaintiff having repudiated the alleged award, and

having brought suit upon the contract, is estopped from claiming under it and is not entitled to recover.

Answer: This is refused; but the fact that the plaintiff brought another suit would not prevent him from proceeding on this award in the present case, and there is no evidence before the court and jury which would establish the fact that the plaintiff had rejected this award.[21].

The court, WEAND, J., after referring to the provisions of the contract charged the jury, in part, as follows:

It appears that the parties did disagree as to the proper price to be allowed Mr. Hart, and, at the request of Messrs. Hamilton & Son, the architect, Mr. Benner, was called upon to adjust these differences and to make an award of the amount due Mr. Hart. He met all the parties in interest, and at that meeting it was claimed by the Messrs. Hamilton that they were to be allowed certain deductions because of an injury to their engine, which they claim was caused by Mr. Hart, and also, for certain damages which they claimed they had sustained by reason of the delay of Mr. Hart in completing his contract. The arbiter thought then he had no right to pass upon these two claims and he so stated to the parties; he therefore, with their knowledge, made up an award from which he excluded these two items, stating to the parties that their differences in that respect must be settled in court. Now, it is objected, on the part of the defendants, that this rendered this award invalid because it was not a final and conclusive award upon all the matters at variance between the parties: it is also contended on the other side that by this action of the arbiter they have forever settled all these difficulties, and that the defendants have no standing in court to contest this amount. This contention raises a very important question of law which it is exclusively the province of the court to decide, and the court already has decided upon the various offers of evidence, that so far as the amount then fixed was concerned this award was good; and the court has also decided that that award made in that way would not preclude the defendants from making any defence to it which they might have because of any damage done, as they then claimed. The court, thus having decided the legal aspect of the case, the case comes into court upon a suit upon this award, and if there was nothing

Arguments.

else before the court and jury except the award of the architect, the jury would be bound to render a verdict in favor of the plaintiff for the full amount of the award, $6,352.50 with interest from its date, which is February 16, 1883. But now the defendants say and have offered evidence to show the damages which were sustained because of these two items, and it is your province to pass upon their claims and to decide from all the testimony in the case whether they have sustained any damage, and if so, to what amount. . . . .

The verdict was for the plaintiff for $6,322.56, with interest from the date of the award, and judgment was entered thereon.

Thereupon the defendants took this writ, assigning for error:

8. The admission of plaintiff's offer.[8]

11–13. The rejection of defendants' offers.[11 to 13]

20, 21. The answers to defendants' points.[20 21]

*Mr. J. Warner Goheen* (with him *Messrs. G. G. Fox & Son*), for the plaintiffs in error:

The award must be final, and to be final it must include every matter covered by the submission: Connor v. Simpson, 104 Pa. 440; Samuel v. Cooper, 2 A. & E. 752; Nichols v. Chalie, 14 Ves. 265; Russell on Arbitration, 307; Quigley v. DeHaas, 82 Pa. 267; Monongahela Nav. Co. v. Fenlon, 4 W. & S. 206; Antram v. Chace, 15 East 209; Everard v. Paterson, 6 Taunt. 625; Foreland v. Marygold, 1 Salk. 72; Fisher v. Pimbley, 11 East 188; Gonsales v. Deavens, 2 Y. 539; Faunce v. Burke, 16 Pa. 470; McGheehen v. Duffield, 5 Pa. 499. If an award is not final it is void: Ennis v. O'Connor, 3 Har. & J.    ; Solomons v. McKinstry, 13 Johns. 28; Randall v. Randall, 7 East 81.

*Mr. Chas. Hunsicker* (with him *Mr. B. E. Chain*), for the defendant in error:

The award on its face shows that it is final. There were no liens filed except by Hart himself. Time had barred the filing of liens when the award was made and there was, therefore, no necessity for producing a release thereof. The note of the architect at the foot of the award, as to the release of liens, was no part of the award. At most it called attention to the

fact that before payment of the money awarded a satisfactory release should be produced.

OPINION, MR. JUSTICE MITCHELL:

The assignments of error are very numerous, but it is not necessary to notice them in detail, as there is a fatal defect in the cause of action.

The parties entered into sealed articles of agreement for making extensions and repairs to plaintiffs in error's paper mills. The agreement contained, inter alia, the following stipulations:

" Third. The architect shall have power to reject and remove (in case the said Hart refuse so to do) any materials and workmanship which, in his judgment, are unsuitable for the work, and to substitute suitable materials and workmanship therefor, and to charge the cost thereof to the said Hart, or deduct the same from the amount otherwise due under this agreement."

" Fifth. . . . . Any change or alteration made by said Wm. C. Hamilton & Son, or said architect, shall not invalidate this agreement, and the cost thereof shall be agreed upon and indorsed on this agreement before said alterations are made. If the said Hart and the said Hamilton & Son are unable to agree as to such cost, whether as an addition or deduction, said cost shall be determined by said architect, whose decision on all points affecting this agreement and the alterations thereof, or under said alterations, shall be final and conclusive on both parties," . . . . " and the said Hart . . . . will furnish a release of liens for all work done and materials furnished."

The parties disagreed upon several matters, and the architect being called upon, made an award, upon which the present suit was brought by the contractor Hart. At the trial the plaintiff put in evidence the agreement and the award, testified that there were differences between himself and defendants, which were submitted to the architect Benner, and that the latter signed the award. He then gave some further testimony as to the filing of a mechanics' claim by himself (not material now to consider) and rested.

The defendants then offered evidence to impeach the award for want of finality and for failure to include all the matters submitted. This was excluded by the court, for the purpose

offered, but, treating the award as conclusive as far as it went, the matters not included in it were allowed to be proved in reduction of the amount.

This was clear error. It is well settled that an award which is not final, or is not complete as to all the matters included in the submission, is void altogether, and is not admissible even as an account stated.

In Samuel v. Cooper, 2 Ad. & E. 752, on a submission, plaintiff claimed that certain matters were within it, which defendant denied. The arbitrator, a barrister, decided that they were not, and so reported in his award. The King's Bench held that his decision on this point was not conclusive, and that as on the true construction of the submission the omitted matters were included, the whole award was bad. " We have reluctantly come to the conclusion," said Lord DENMAN, " that the rule must be made absolute. . . . . There were matters in difference so referred, upon which the arbitrator has not decided. We do not see any means of avoiding the consequence, which is that the award must be set aside."

And the same rule prevails in equity. In Bowes v. Fernie, 4 M. & Cr. 150, the arbitrators declared in the award that they had abstained from taking a certain account into consideration, for the reason that a suit in chancery was pending in regard to that account, in which the master had found a balance due. Lord Chancellor COTTENHAM held that as the true construction of the submission included the account, the award was void. The whole argument turned on the construction of the submission. No question was made by counsel or court as to the effect of the omission, or the reasons of the arbitrators, it being conceded that the fact of omission made the whole award absolutely void.

The law is thus summed up by Morse : " A failure to determine any controversy submitted will render the whole award void," and " the motive from which the arbitrators resolve to omit the determination of a matter submitted, seems to be immaterial : " Morse on Arbitration, 345–6. See also to the same effect, Russel on Arbitration, pt. 2, ch. 5, § 4, 4 ed., 249.

In the present case the award was called a statement of account and was very informal, but, passing by smaller matters, it clearly appears to lack the essential of finality. The agree-

ment called for a release of liens, and the arbitrator at the close of his award said, " I will not accept the release of liens in its present condition." It thus appearing that something still remained to be done by one of the parties, the award was not final, and was therefore entirely worthless on its face.

But in addition to this patent defect, the uncontradicted evidence showed that the award was not co-extensive with the submission. The agreement contemplated the settlement by the arbitrator of all differences of every kind that should arise between the parties in the course of the work. Complaints were made, and deductions claimed by the defendants for delay, for bad workmanship in the foundation and wall of one of the buildings, and for negligent injury to machinery. All of these matters were within the submission, and the second, as to bad workmanship, was within the very letter of the third section of the agreement already quoted.

The award, therefore, being void for both these reasons, the plaintiff should have been nonsuited or a verdict directed for the defendants.

This disposition of the case which is inevitable on the law, would also follow from the facts. When the award was made the plaintiff repudiated it altogether, not for its defects in law, but because he was not satisfied with its amount. He thereupon brought an action of assumpsit on the agreement and his claims for extra work, and prosecuted it for more than two years until this court decided it against him : See Hamilton v. Hart, 109 Pa. 629. It was only after this failed that he resorted to the award he had repudiated. On this point it was said in the court below, " That the plaintiff repudiated the award is immaterial. He was bound by it, and could not repudiate it." This would have been clearly so, had the other party elected to hold him to the award, but the evidence is that both parties were dissatisfied and united in disregarding it. Under these circumstances the plaintiff could not now be permitted to fall back upon it, even if it had been a valid award in the outset.

The judgment is reversed.

Subsequently, a motion for re-argument was filed by the defendant in error ; refused, April 15, 1889.

OPINION, MR. JUSTICE MITCHELL:

In the opinion already filed, the cases of Samuel v. Cooper, 2 Ad. & E. 752, and Bowes v. Fernie, 4 M. & Cr. 150, from the courts of common law and equity respectively, were cited simply as illustrations, among many others at hand, of the principle involved. Discussion of the special facts of those cases is therefore unimportant, as the principle itself is too well settled to require discussion, and is fully treated in the text books referred to. There is nothing in the principle, nor in its application in the present case, in conflict with Hostetter v. City of Pittsburgh, 107 Pa. 419. On the contrary, that case shows clearly that the submission and the award are always open to examination. " It was contended," says Chief Justice MERCUR, " that this submission is not authorized by the language of the agreement," p. 431 ; and what was decided was, that the submission was within the agreement, and the award being on its face certain, final, and mutual, and no mistake, irregularity, or misconduct being shown in the arbitrator, the award was conclusive ; see page 434. Under such circumstances there never has been any question as to the conclusiveness of an award.

But it is urged that the award in the present case was final, inasmuch as the release of liens was " a mere matter of form " and " only became important before the money was paid." But the argument overlooks the facts of the case. A release was presented by the plaintiff, which he contended was sufficient, and this very question was part of what the arbitrator was to pass upon. He did so, and rejected the release in the form presented. One of the conditions precedent to plaintiff's recovery was thus decided against him, and one of the very matters in dispute between the parties which the arbitrator was to decide, was left open. When a new release of liens should be presented, whether when payment was claimed or at any other time, who was to settle its sufficiency ? Manifestly the arbitrator. It is not intended to say that an award is necessarily bad because it involves future action by the parties. Every award involves payment or some other future act by one or both parties. But an award which leaves something still to be done by the arbitrator himself, before the existing controversy is terminated, cannot be said to be final.

We should not, however, have thought it necessary thus to reiterate what was already said in the opinion heretofore filed, had there not appeared to be a serious misapprehension on the part of counsel as to the scope of our decision. It was not said, nor was it intended to be inferred, that plaintiff was without remedy. When the case was first here, 109 Pa. 629, the action was assumpsit, on the ground that the sealed instrument had been so far altered as to make a new contract, which was in parol. It was decided that as it was specifically provided that alterations should not invalidate the agreement, but should be considered as made under it, there was no new contract, and the remedy must be in debt or covenant on the agreement. The present action was rightly brought in debt on an award under the agreement, but it fails because the award was not valid. But the agreement is still in force, and if the arbitrator should now make a valid award, or should have already done so, as is intimated in the argument, the plaintiff's remedy upon that is still open to him.

Re-argument refused.