**OIL WORKERS INTERNATIONAL UNION, CIO, et al. v. MERCURY OIL RE-FINING CO.**

**Civ. No. 4541.**

United States District Court
W. D. Oklahoma.

April 17, 1950.

Lindsey P. Walden, Denver, Colo., Wayne Quinlan, Oklahoma City, Okl., for plaintiffs.

Leon Shipp, Oklahoma City, Okl. (Robinson, Shipp & Robertson, Oklahoma City, Okl.), for defendant.

VAUGHT, Chief Judge.

The plaintiffs bring this action to enforce a purported award made under arbitration proceedings with the Mercury Oil Refining Company, a corporation, the employer.

The Oil Workers International Union entered into an agreement with the Mercury Oil Refining Company, a corporation, on the 1st day of November, 1943. Article VIII, section 2 of the agreement provided: "In the event that any grievance or dispute shall arise which cannot be settled by and between the two contracting parties, the dispute shall be submitted to arbitration and in the following manner: Each party shall select an arbitrator within five (5) days after notice of arbitration has been given by one party to the other. The two arbitrators shall select a third arbitrator within five (5) days thereafter. This time may be lengthened or shortened by mutual agreement. In the event of failure by both parties to agree to the nomination of a third arbitrator, the third arbitrator shall be appointed by the Bureau of Conciliation, United States Department of Labor. The decision of the Board of Arbitration shall be binding and final. Normal procedure as to taking of testimony and presentation of

argument shall apply. The Company assumes and agrees to pay, in the event of arbitration proceedings, the cost of its arbitrator; the Union assumes and agrees to pay the cost of its arbitrator. The cost of the third arbitrator and any other costs arising out of the arbitration proceedings will be borne equally by the Company and the Union."

In February, 1949, the plaintiffs and the defendant submitted a dispute, involving the discharge of plaintiff-employee Roy Goodall, to arbitration pursuant to the above provision of said contract which arbitration was voluntarily conducted before Honorable Leon J. York, third arbitrator, T. Murray Robinson, representing the defendant, and Reverend B. T. Kirby, representing the plaintiffs. Pursuant to the arbitration proceeding the arbitrators, on February 26, 1949, rendered their decision signed by York, arbitrator, and Robinson, company representative, which read as follows:

"It is, therefore, the decision of the board based upon the evidence and finding of the facts as above set forth, that the discharge of Roy Goodall dated December 2, 1948, should be and the same is hereby modified to demotion without pay.

"It is the further order and decision of the board that he be reclassified and given such employment by the Company which he is competent and capable of doing."

Thereafter the arbitrator submitted a bill for his services in said proceeding and it was paid. Immediately after this decision, however, the union representative, Kirby, made a vigorous protest to the arbitrator and, thereafter, on March 21, 1949, arbitrator York and Kirby, Union representative, handed down a second decision as follows:

"It is therefore, the decision of the board, based upon the evidence and finding of facts, as set forth herein, and as also set forth in the award dated February 26, 1949, that the discharge of Roy Goodall, dated December 2, 1948, should be and the same is hereby modified to a demotion to Dubbs Helper, effective December 2, 1948, and that he be reemployed in that capacity at once.

"It is the further order and decision of the board that he be paid his wages from December 2, 1948, as a Dubbs Helper, less any sums earned by him from employment and received from unemployment compensation or otherwise."

It is the contention of the plaintiffs that the modified decision of March 21, 1949 should be enforced. The plaintiffs further contend that the decision rendered on February 26 is void for the reason it is indefinite; it did not designate the classification to which the employee should be demoted; it provided specifically that his demotion should be without pay; and that the defendant should re-employ him in a position which he was capable of filling. The plaintiffs, therefore, claim that the decision of the board at its first meeting was void because it was incomplete, indefinite and uncertain. The defendant contends that the first decision is the proper decision in that it was a final decision. The plaintiffs claim that the second decision is the final and legal decision since it was merely modifying the first.

However, it will be noted that in the second decision the board, on the same evidence upon which the first decision was based, made a complete change from the first decision in that it directed that the employee be demoted to a specific position, to-wit: Dubbs Helper. It also reversed its decision and provided that the employee should be paid from December 2, 1948.

The question before the court then is which, if either, of these decisions is legal. If one should be determined to be legal then it should be enforced. If neither is legal, then a different question is presented. The plaintiffs contend vigorously that the first decision is void for the reasons above stated. The defendant contends that the second decision is void for the reason that the board had exhausted its power when it rendered its first decision.

Two cases have been called to the court's attention, which bear upon this point. The first is an opinion by Judge Sanborn, of the

Eighth Circuit, in City of St. Charles v. Stookey, 154 F. 772, 780. This opinion is characteristic of Judge Sanborn in that it states fully and completely the reasoning from which the conclusion is reached. Quoting therefrom: " * * * The power of the engineer to determine that the work had been completed was derived from the contract. The contract required him to make a final estimate as soon as he was notified of the completion of the work, and to certify that 15 per cent. was due whenever the contract was 'completed and tested to the satisfaction of the engineer and all repairs made.' The authority to determine that this work was complete was not a continuing power. He could not find and certify that it was finished and that the 15 per cent. was due on one day, and then lawfully revoke that certificate and find to the contrary on the next day, and so on ad infinitum. He was the arbiter whom these parties had empowered to determine whether or not the plaintiff's work was complete and his 15 per cent. was due, and when he had once found and certified that the contract was performed and that this percentage was due, his power to determine that issue was exhausted. The power of an arbiter is gone after his final decision, and he may not subsequently modify, revoke, or annul it, or make a new award upon the same issues. (Citing authorities.) * * *"

Under this reasoning, therefore, the board could not make one decision on the 26th of February and a contrary decision on the 21st of March.

In a more recent case from the Fifth Circuit, Citizens Building of West Palm Beach, Inc., v. Western Union Telegraph Company, 120 F.2d 982, 984, the court said: "Appellant, after urging the invalidity of the first award, insists that the second award is the proper act of the arbiters and should be enforced. This does not take into view the rule that arbitrators are appointees with but a single duty, and that the performance of that duty terminates their authority. When an arbitral board renders a final award, its powers and duties under the submission are terminated. Its authority is not a continuing one, and, after

its final decision is announced, it is powerless to modify or revoke it or to make a new award upon the same issues. The first award disposed of all questions before the arbiters, and was final; the publication of that decision exhausted the powers of those appointed even though the action taken was void, and the second award is no more valid than the first."

The plaintiffs cite in their brief excerpts from 3 Amer.Jur. 947, sec. 125, as follows: "The certainty of an award is one of its indispensable and essential properties; if deficient in this respect, it cannot be sustained. It must be complete and definite. It must leave open no loophole for future dispute and litigation. It should, as a general rule, leave nothing to be performed, but the mere ministerial acts needed to carry it into effect. * * *" Hamilton et al. v. Hart, 125 Pa. 142, 17 A. 226, 473, is also cited. Another Pennsylvania case, Frederick v. Margwarth et al., 221 Pa. 418, 70 A. 797, 18 L.R.A., N.S., 1246, expresses the same view, stating "an award must be final, complete, and coextensive with the terms of the submission."

In 6 C.J.S., Arbitration and Award, § 81, page 227, it is stated: "An award, which purports to reserve to the arbitrators or delegate to others the authority to make a future decision of matters that it is the arbitrators' duty to determine judicially at the time they make their decision, is invalid."

It hardly can be contended that the first award was complete. It left open the question of the position to which the employee was to be demoted and when he was to be re-employed. It also held that the demotion was to be without pay. The second decision is contrary to the first in that it reverses itself on the question of pay and on the position to which the employee was to be demoted.

The court holds that the first award is void because it is incomplete and leaves matters to be determined wholly by the employer in the future. The second award is void for the reason that the arbitrators had no power or authority to make it. The first award was a final award and the

arbitrators had no authority or power to reassemble and make a second award; they might have met the next week and made a third award.

It is therefore the order of this court that a new arbitration, in accordance with the still existing terms of the contract be ordered for the purpose of determining the issues in this case.

A proper form of judgment may be submitted within ten days from this date. An exception is allowed.