**MOYER et al. v. VAN–DYE–WAY CORPORATION.**

No. 7848.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 19, 1942.

Decided March 2, 1942.

Thomas E. Weaver, of Catasauqua, Pa., for appellant.

Irving Schwab, of New York City (Joseph S. Levine, of Levine & O'Brien, of Easton, Pa., on the brief), for appellees.

Before BIGGS, CLARK, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

The question on this appeal concerns an award by arbitrators in a dispute between employer and a union, representing employees. On January 27, 1938, these parties entered into an agreement governing working conditions at appellant's plant. This was supplemented by a letter, executed at the same time, which provided for what is labelled by the parties, the "Dyers' Welfare

Account". Subsequent differences induced the parties, on or about June 29, 1939, to submit their disputes to a named individual as sole arbitrator. The arbitration agreement referred to both documents of January 27, 1938, but outlined in some detail only the general problem of wage payments, without further comment on the dyers' fund.[1] The arbitrator ruled that the Union, as the employees' representative, was entitled to a named sum ($2121.05). He then added thereto $299.89, the balance in the Welfare Account. But with respect to the withdrawals which had already been made from that fund, the arbitrator remarked that he did " * * * not feel competent * * * to make an award" and that instead, " * * * the Employer shall furnish the Union a complete and cohesive account of the disposition of the funds that have passed through the Dyers' Welfare Account, and shall pay over to the Union any portion of the Account not clearly explicable to the Union representatives as properly withheld from disbursement".

Defendant employer is incorporated under the laws of New Jersey, while the plaintiff Union represents citizens of Pennsylvania. The various agreements recited above were executed in New York, where the arbitrator held hearings and made his award. As a result of defendant's failure to comply with the award plaintiff instituted suit in the Eastern District of Pennsylvania, claiming first, judgment on the award and in a second count, monies which had been withdrawn by defendant from the fund referred to above. The District Court upheld the award except for the $299.89 which represented the balance of the Welfare Account and ruled that on the facts as proved, plaintiff had not established a right to the disbursements from that fund. Defendant appeals only from the decision concerning the first count. All claims to Dyers' Welfare Account are therefore necessarily settled by the outcome of the litigation in the District Court, and the only question remaining is whether the plaintiff's money judgment is to be sustained.

Although neither of the parties has raised the point, it is clear that in such a suit as this, involving the legal effects of events which have occurred in other states, and where the jurisdiction of a federal court is based on diversity of citizenship, it is the duty of the court to apply the conflict of laws rule of the state in which suit is brought. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. That a suit may be brought in Pennsylvania upon a foreign arbitration award is clear from a recent decision. Britex Waste Co., Ltd., v. Nathan Schwab & Sons, Inc., 1940, 139 Pa.Super. 474, 12 A.2d 473. No Pennsylvania authority found, however, enunciates a rule of reference to the law by which the validity of the award is to be determined. In the absence of exact precedent other available data is to be considered. Stentor Electric Mfg. Co. v. Klaxon Co., 3 Cir., 125 F.2d 820.

Pennsylvania courts have treated an award as comparable to a judgment, and not subject to collateral attack. Britex Waste Co., Ltd., v. Nathan Schwab & Sons, Inc., supra; Goldstein v. International, etc., Union, 1938, 328 Pa. 385, 196 A. 43. Validity of a judgment is determined by the law of the state where rendered. State of Ohio v. Hinchman, 1856, 27 Pa. 479.[2] The

---

[1] The agreement read, in part:

"Whereas, certain disputes and differences have arisen between the undersigned * * * with regard to the question of the compliance by the Employer with the wages submitted to it by the Union.

"Now, therefore, the parties hereto agree as follows:

"1. The parties hereto agree to submit their differences regarding the compliance with a certain agreement entered into between the Union and Van-Dye-Way Corp. under date of January 27, 1938 and a letter executed simultaneously with said agreement, to arbitration.

"2. The arbitrator shall consider all facts submitted by a CPA after investigation. Among these facts shall be the wages paid per operation in relation to the Union minimums in the contract; also the instances of overpayment on certain operations. The arbitrator shall, in the light of all the pertinent facts, decide whether and to what extent he shall set off underpayments with overpayments. The arbitrator, shall have power to decide the most just method of evaluating this problem, with the understanding that his solution shall be for the best interests of the several parties in the long run."

[2] The rule relating to judgments is, of course, controlled by the full faith and credit clause of the Constitution, outside any possible issue here. See Hanley v. Donoghue, 1885, 116 U.S. 1, 6 S.Ct. 242, 29 L.Ed. 635; 2 Black, The Law of Judgments (2d ed. 1902) § 859; 2 Beale, The Conflict of Laws (1935) § 432.2; Re-

general authority is to the effect that the validity of an arbitration award is determined by the law of the place of its rendition. 2 Beale, The Conflict of Laws (1935) § 347.6. We conclude that by the Pennsylvania rule of conflict of laws, the validity of the award in this case is a question of New York law.

 The decisions of that state contain strong expressions of its policy in upholding arbitration awards. "It is a settled principle governing this subject, and which ought never to be lost sight of, that all reasonable intendments and presumptions are indulged in support of awards." Fudickar v. Guardian Mut. Life Ins. Co., 1875, 62 N.Y. 392, 401. The difficulty in the instant case arises out of the failure of the arbitrator to settle all the questions which he was supposed to determine. Does the fact that he failed so to do void the award for the definite amount for which the plaintiff now has judgment? Numerous New York decisions appear among those cited by the parties. They have all been examined. It is established, we believe, that an award may be rejected in part and sustained in part. See, for example, Dodds v. Hakes, 1889, 114 N.Y. 260, 21 N.E. 398; Cox v. Jagger and Belknap, 1824, 2 Cow., N.Y. 638, 14 Am. Dec. 522. It may also be taken as established that if the arbitrator has failed to execute his entire commission and that which he has done does not stand alone but depends upon the part unsettled, the award, as a whole, must fall. Herbst v. Hagenaers, 1893, 137 N.Y. 290, 33 N.E. 315; Jones v. Welwood, 1877, 71 N.Y. 208; Brown v. Hankerson, 1824, 3 Cow., N.Y., 70.[3] On the other hand however, judicial utterance in New York supports the view that when the matters omitted are not necessarily dependent on and connected with the other points a partial award will be sustained. Herbst v. Hagenaers, supra; Jones v. Welwood, supra. The same is true where an award sued on is uncertain in its disposition of part of the case submitted. Cox v. Jagger and Belknap, supra. This

point of view expresses what is stated to be the now generally prevailing rule of law. 3 Am.Jur., Arbitration and Award, § 134.

 We believe the parts of the award rendered in this case to be clearly separable and non-dependent. The part giving the plaintiff an award of money has been amended by the learned trial judge to call for a lesser amount than originally awarded through striking out the portion which was supposed to have represented the balance in the Welfare Account. The claim for the $2,121.05 stands as a separate item. No further resort to either negotiations, arbitration or litigation will be required if this judgment is upheld. We find that the award is valid under the law of New York and that an action may be maintained upon it in Pennsylvania.

The judgment of the District Court is affirmed.

---

statement, Conflict of Laws (1934) § 429 (d) and comment g.

[3] It should be frankly stated, too, that in the decisions, especially the early ones, language may be found to the effect that failure by the arbitrator to decide all points submitted renders the whole award void. Wright v. Wright, 1825, 5 Cow., N.Y., 197, Jackson v. Ambler, 1817, 14 Johns., N.Y., 96. We consider it doubt-

ful whether these dicta, some of them going back nearly 125 years, and themselves resting upon statements sometimes referring to Croke's Elizabeth, upon the subject of arbitration, are of more than negligible probative value of the present-day law of New York in view of the policy concerning arbitration awards shown in the quotation cited above.