Press, Appellant, *v.* Maryland Casualty Company.

538

Argued December 3, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Jerome M. Dubyn*, with him *Dubyn & Smith*, for appellant.

*Joseph X. Heincer*, with him *Heincer, Read and Nemeth*, for appellee.

OPINION BY SPAETH, J., April 3, 1974:

The issue in this case is whether it was error to confirm the order of a common law arbitration panel that the award to appellant be placed in escrow pending the outcome of an action brought by appellant against a third party. We conclude that the panel's order was permitted by the Accidental Claims Tribunal Rules of the American Arbitration Association, to which this claim was submitted pursuant to appellant's insurance policy with appellee. We therefore affirm.

Appellant sustained serious personal injuries when the automobile he was operating was involved in a collision with an automobile operated by one Tadeusz Iwasinski. Appellant brought an action against Iwasinski in the Court of Common Pleas of Philadelphia County. As of the date of this opinion that action has not been tried. On deposition Iwasinski testified that he had lost control of his automobile because it had been "struck by an unknown hit and run vehicle." Thereupon appellant filed with the American Arbitration Association a demand seeking damages under the uninsured motorist clause of his insurance policy. After a hearing the arbitrators entered an award in favor of appellant in the amount of $10,000 (the maximum amount under the policy), on condition that the money be placed in an escrow savings account to be paid to appellant only to the extent that his recovery against Iwasinski was less than $10,000. Appellant filed a petition that this condition be vacated but that otherwise the award be confirmed. The court below dismissed the petition.*

Appellant concedes that the arbitration was a common law arbitration and that the arbitrators acted only after giving him a fair hearing. Nor does he argue that we should depart from the rule that in a common law arbitration the decision of the arbitrators is binding and cannot be attacked unless it can be shown by clear, precise, and indubitable evidence that a party was denied a hearing, or that there was fraud, misconduct, or other irregularity that caused the rendition of an unjust, inequitable, or unconscionable award. *Allstate*

---

* The court did modify the award in one respect. The modification was to appellant's advantage in that it changed the words of the condition from "In the event of a verdict in favor of Michael Press . . ." to "In the event of a verdict and payment thereof in favor of Michael Press . . . ." Neither party has challenged this modification.

*Insurance Co. v. Fioravanti,* 451 Pa. 108, 299 A. 2d 585 (1973) ; *P G Metals Co. v. Hofkin,* 420 Pa. 620, 218 A. 2d 238 (1966) ; *Harwitz v. Selas Corp. of America,* 406 Pa. 539, 178 A. 2d 617 (1962) ; *Novakovsky v. Hartford Accident and Indemnity Co.,* 219 Pa. Superior Ct. 5, 280 A. 2d 669 (1971). Appellant's contention is that to require the money to be held in escrow pending the outcome of his action against Iwasinski was such an "irregularity" as to cause the award to be "unjust, inequitable, or unconscionable."

This contention misconceives the type of irregularity contemplated by the rule. The term "irregularity" does not refer to the result of an arbitration, *i.e.,* the award, but to the process employed in reaching that result. In any event, there was no irregularity here, nor was the award in any way defective, for it was within the powers conferred upon the arbitrators. *Sley System Garages v. Transport Workers Union of America,* 406 Pa. 370, 178 A. 2d 560 (1962).

The claim was submitted to the American Arbitration Association to be decided in conformity with its rules. Section 34 of those rules provides: "Scope—The Arbitrator in his Award may grant any remedy or relief which he deems just and equitable and within the scope of the agreement of the parties . . . ." Appellant's insurance policy with appellee contains a clause that "[i]n the event of payment to any person under this endorsement . . . such person shall hold in trust for the benefit of the company all rights of recovery which he shall have against such other person or organization because of the damages which are subject of claim made under this endorsement." Appellant concedes (Appellant's Brief at 5) "that if [appellee] pays the $10,000 to the Appellant, it would have a right to assert its lien against any proceeds that Appellant may recover from any other person." The award protects that lien and precludes the danger of a double recovery; and although

this means that appellant is for a time deprived of use of the money awarded, the money is earning interest. Thus the interests of both parties are treated in a "just and equitable" manner.

The order of the court below is affirmed.