## Runewicz et ux. *v.* Keystone Insurance Company, Appellant.

356

Argued September 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Wendell H. Livingston,* for appellant.

*Joseph D. Shein,* with him *Shein & Brookman,* for appellees.

OPINION PER CURIAM, April 22, 1975:
The order of the court below is reversed.

OPINION BY CERCONE, J., IN SUPPORT OF PER CURIAM ORDER TO REVERSE:

Although I do not consider the award in this case to be "unconscionable"[1] as that term is ordinarily employed, I do consider it to be so plainly contrary to the language of the insurance contract as to constitute a manifest disregard for the law. As Professor Corbin stated: "An award can be set aside for fraud or collusion, or for 'manifest disregard' of law."[2] In the instant case the insurance contract defines an uninsured automobile to include "an automobile . . . with respect to . . . which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no . . . insurance policy applicable at the time of the accident . . ." Since the agreement also required that claims under the uninsured motorists clause arise from the operation of an uninsured automobile as defined in the agreement, judgment for the plaintiff manifests a clear disregard for the terms of the agreement between the parties. While it may be logical in the abstract to say that one is uninsured to the extent that his existing insurance coverage is insufficient to meet the amount of a claim, the terms of the instant insurance contract clearly prohibit such a result herein. I, therefore, would vacate the order of the lower court and order that judgment be entered for the insurance company.

HOFFMAN and SPAETH, JJ., join.

---

1. There is, apparently, no dispute that Mrs. Runewicz was injured at least to the extent for which she has been compensated. Thus, payment of the $10,000 to her would not constitute a double recovery. On the other hand, the fact that the person who collided with her carried insurance, albeit inadequate insurance, was a fortuitous circumstance from the Keystone's standpoint. I, therefore, do not agree that the award is "unconscionable."

2. 6A Corbin on Contracts §1439 at p. 417 (1962).

OPINION BY JACOBS, J., IN SUPPORT OF PER CURIAM ORDER TO REVERSE:

This appeal compels our consideration of the final nature of an award made by an arbitration panel.

On February 12, 1968, plaintiff-appellee, Nellie Runewicz was injured in an automobile accident with Berretta Christman. Berretta Christman was insured by the Insurance Company of North America and Nellie Runewicz was insured by appellant, Keystone Insurance Company. Appellee's policy contained uninsured motorist coverage of $10,000.00 as required by statute,[1] and a provision for common law arbitration.

Appellee filed suit against Berretta Christman but before the matter came to trial the Insurance Company of North America settled the case for $25,000.00, the applicable policy limit, and a release was executed. Thereafter appellee made a claim against appellant under the uninsured motorist provision of her policy. The dispute was submitted to arbitration. The arbitrators decided that appellee's damages were compensable under this term of the policy and made an award of $10,000.00, the policy limit. Petitions were filed by the appellee to confirm and the appellant to vacate the arbitrators' award in the court below. The court ordered the judgment of $10,000.00 entered in favor of the appellee and this appeal was brought.

Review of a common law arbitration award is narrowly restricted. It has been frequently restated that if the appellant is to succeed he must show " '. . . that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable or unconscionable award, the arbitrator being the final judge of both law and fact, his

---

1. Act of August 14, 1963, P.L. 909, §1, *as amended* December 19, 1968, P.L. 1254, No. 397, §1, 40 P.S. §2000 and Act of April 29, 1959, P.L. 58, §1421, 75 P.S. §1421.

award not being subject to disturbance for a mistake of either.' Harwitz v. Selas Corporation of America, 406 Pa. 539, 542, 178 A.2d 617, 619 (1962)." *Allstate Ins. Co. v. Fioravanti,* 451 Pa. 108, 114, 299 A.2d 585, 588 (1973). The courts have generally refused to vacate those arbitration decisions which contain errors in judgment or mistakes in fact or law, or which lack wisdom or are at variance with policy terms. *See, e.g., Allstate Ins. Co. v. Fioravanti,* supra; *Hain v. Keystone Ins. Co.,* 230 Pa. Superior Ct. 456, 326 A.2d 526 (1974); *American Arbitration Ass'n. Award,* 225 Pa. Superior Ct. 442, 311 A.2d 668 (1973). However, our Supreme Court has recognized that judicial tolerance of irresponsible arbitration awards is limited. In *Fioravanti,* it was stated that the term "other irregularity" could include conduct by the arbitrators importing "such bad faith, ignorance of the law and indifference to the justice of the result" as to prompt the courts to exercise their power to act. *Allstate Ins. Co. v. Fioravanti,* supra at 116, 299 A.2d at 589.

The present case appears to be an example of such conduct. The uninsured motorist clause of appellee's policy was written to comply with the Act of August 14, 1963, 40 P.S. §2000. It is the purpose of that act to insure that innocent victims of irresponsible drivers are not left completely uncompensated. *Nationwide Mutual Ins. Co. v. Ealy,* 221 Pa. Superior Ct. 138, 289 A.2d 113, *allocatur refused* 221 Pa. Superior Ct. *xliii* (1972). Both the act and the policy provide for up to $10,000 as compensation for damages suffered by an insured injured by a driver who is not insured. This is a paltry sum when considered next to the expenses which can arise from a motor vehicle accident and was clearly not intended by the legislature or the parties to the policy to completely compensate the insured, regardless of the accident.

For the uninsured motorist provision of appellee's policy to come into operation there must first be an uninsured motorist involved somewhere in the incident. It

is not that technical or difficult a concept to understand that a driver who has $25,000.00 of insurance, and whose insurance company actually pays that amount to the injured party, is not uninsured. The definition in the policy of the term "uninsured automobile" is as its plain meaning would suggest: an automobile which is not insured to at least the legal minimum, or a hit and run automobile. To realize that the Christman automobile does not comply with this provision does not require sifting through obscure lists of policy exclusions or extensive legal analysis. On the contrary, the convoluted reasoning required to completely negate the terms of the policy and the legislative act defy the imagination. I feel that the arbitrators' decision in this case allowing recovery under the uninsured motorist provision when there has already been a sizeable insurance payment represents such an abandon of logic and disregard of law as to require reversal under the criteria outlined in *Fioravanti.*

I would reverse the order of the lower court.

---

OPINION BY SPAETH, J., IN SUPPORT OF THE PER CURIAM ORDER TO REVERSE:

I agree with the conclusion reached by Judge JACOBS on the basis that under the facts of this particular case the award is clearly unconscionable. However, I do not understand that conclusion to expand the scope of review of common law arbitration, which we so carefully delineated recently in *United Services Automobile Association Appeal [Webb v. United Services Automobile Ass'n.]*, 227 Pa. Superior Ct. 508, 516, 323 A.2d 737, 741 (1974): "Thus the rule, to which all of the cases conform, is that where the application or construction of the uninsured motorist clause is at issue the dispute is within the exclusive jurisdiction of the arbitrators; the courts will take jurisdiction only where the claimant attacks a particular provision of the clause itself as being contrary to

a constitutional, legislative, or administrative mandate, or against public policy, or unconscionable." [Footnotes omitted.] *Allstate Ins. Co. v. Fioravanti,* 451 Pa. 108, 299 A.2d 585 (1973), was one of the cases analyzed in *United Services,* and it was found to conform to the rule there stated.

It should be noted that in *Fioravanti* the award of the arbitrators was affirmed, although the procedure they employed was questionable at best. Rather than rely upon the *dictum* from *Fioravanti,* I should reverse the order of the lower court, not because the "procedure" employed by the arbitrators was "irregular," but for the reason that it was clearly the result of prejudice rather than principle, and so was unconscionable.

---

DISSENTING OPINION BY PRICE, J.:

This appeal follows a lower court order confirming an arbitration award in favor of appellees against appellant. I would affirm the order of the lower court.

Appellees, Joseph and Nellie Runewicz, purchased automobile insurance from appellant, Keystone Insurance Company. Included in their policy was uninsured motorist coverage in the amount of $10,000 as required by statute.[1] The policy also provided for common law arbitration of any differences which might arise between insured and insurer.

On February 12, 1968, Nellie Runewicz was injured in an automobile collision with Berretta Christman. Mrs. Runewicz subsequently brought suit against Miss Christman, but before trial, Miss Christman's insurance company, Insurance Company of North America, settled the case for $25,000, the applicable policy limit. In addition, Mrs. Runewicz made a claim against appellant under the

---

1. Act of August 14, 1963, P.L. 909, §1, *as amended* December 19, 1968, P.L. 1254, No. 397, §1 (40 P.S. §2000) and Act of April 29, 1959, P.L. 58, §1421 (75 P.S. §1421).

uninsured motorist provision of her policy, alleging the insufficiency of the $25,000 settlement as compensation for her injuries. Appellant maintained that this was an improper claim under the uninsured motorist clause, and the dispute went to arbitration.

The arbitrators determined that clause did apply to appellees' claim and awarded the policy limit of $10,000. Following a petition by appellant to vacate the award and a petition by appellee to confirm the award, the lower court ordered the judgment of $10,000 be entered in favor of appellee. This appeal followed.

The review power of the courts of the Commonwealth over the decisions and awards stemming from common law arbitration is extremely limited. The rule in common law arbitration is that the decision of the arbitrators is binding and cannot be attacked unless it can be shown by clear, precise, and indubitable evidence that a party was denied a hearing, or that there was fraud, misconduct, or other irregularity that caused the rendition of an unjust, inequitable, or unconscionable award. *Allstate Insurance Company v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973) ; *Press v. Maryland Casualty Company*, 227 Pa. Superior Ct. 537, 324 A.2d 403 (1974) ; *American Arbitration Association Award; Providence Washington Insurance Company Appeal*, 225 Pa. Superior Ct. 442, 311 A.2d 668 (1973) ; *Levin v. Nationwide Insurance Company*, 231 Pa. Superior Ct. 244, 331 A.2d 699 (1974).

There can be no doubt that the parties had the benefit of a full and comprehensive hearing. Both sides submitted briefs and both parties were permitted to argue their cases orally. Neither side contests the sufficiency of the hearing.

In order to grant appellant the relief requested, we must, therefore, find that there was fraud, misconduct, or other irregularity that caused the rendition of an unjust, inequitable, or unconscionable award. Appellant does not specifically charge fraud or misconduct and my in-

dependent review has failed to disclose any such defect. Appellant is disturbed with the arbitration award, referring to the decision as "out of bounds," but this does not equate to the required fraud or misconduct.[2]

Appellant does contend that in light of the facts of the case and the applicable terms of the contract, the result of the arbitrators is the offspring of some "other irregularity." Even if this were true, I am still unconvinced that the award is "unjust, inequitable, or unconscionable." While I do not care to speculate on exactly how the arbitrators arrived at their decision, I do reiterate that the award was rendered only after consideration of the evidence and arguments. I see no adequate grounds to reverse the decision of the arbitrators.

I would affirm the order of the lower court confirming the award of the arbitrators.

WATKINS, P.J., and VAN DER VOORT, J., join in this dissenting opinion.

---

2. The fraud required to warrant overturning an award from common law arbitration must be actual and intentional, and not constructive, such as results from an erroneous or unjust judgment. *Allstate Insurance Company v. Fioravanti*, 451 Pa. 108, 299 A.2d 585 (1973).