406 A.2d 759

Mary T. MELLON, Adm. of the Estate of Gerald L. Mellon, Jr. and Dianne Denney

v.

TRAVELERS INSURANCE CO. and Charter Oak Fire Insurance Co., Appellants.

Superior Court of Pennsylvania.

Argued Sept. 14, 1978.
Decided June 15, 1979.

Robert J. Murphy, Jr., Philadelphia, for appellants.

John J. Tinaglia, Philadelphia, for appellee Mellon.

No brief filed on behalf of appellee Buckeye Ins. Co.

Before CERCONE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order confirming a common law arbitration award.

On March 6, 1974, Gerald Mellon and appellee Dianne Denney, his fiancee, were involved in an automobile accident with an uninsured motorist. Gerald Mellon died, and his mother, appellee Mary Mellon, was appointed administratrix of his estate. Several uninsured motorist claims were filed.

As administratrix of Gerald Mellon's estate, Mary Mellon filed three uninsured motorist claims: a claim against appellant Travelers Insurance Co. under a policy between it and Gerald Mellon; another claim against Travelers under a policy between it and herself as mother of Gerald Mellon; and a claim against appellant Charter Oak Fire Insurance Co. under a policy between it and James Mellon, Gerald Mellon's brother. The arbitrators entered awards on these claims, and these awards are not challenged.

Dianne Denney filed a claim against Travelers under the uninsured motorist provision of its policy with Gerald Mellon. The arbitrators entered an award on this claim, and it is not challenged. Appellee Denney also filed a claim against Buckeye Union Insurance Co. of Ohio under the uninsured motorist provision of its policy with her father; her theory was that she was a resident of her father's household in Ohio at the time of the accident. Appellee Denney did not at any time make a claim against Travelers for recovery under its policy with Mary Mellon, or against Charter Oak under its policy with James Mellon.

The evidence presented at arbitration indicated that at the time of the accident appellee Denney had been in Pennsylvania for nine weeks, having come from her home in Ohio to become better acquainted with her fiancee and his family. Upon arriving in Pennsylvania, she resided for a short time with the Mellon family, but then accepted employment and leased her own apartment. Throughout the arbitration,

appellee Denney consistently maintained that she was a resident of her father's household in Ohio when the accident took place, and thus entitled to recovery under his policy with Buckeye. She never contended that because of her brief stay at the Mellon residence, she was entitled to recovery under provisions covering household residents in the policies issued to Mary Mellon and James Mellon respectively.

The panel denied appellee Denney's claim against Buckeye. However, under some theory of the case not argued by the parties, but raised *sua sponte*, it awarded her $10,000 under the policy between Travelers and Mary Mellon, and $10,000 under the policy between Charter Oak and James Mellon, notwithstanding that she had never made a claim under either policy.

The lower court confirmed the award, leading to this appeal by Travelers and Charter Oak.

## I.

Appellants argue that the lower court erred in confirming the award because the award was grounded upon "fraud, misconduct, prejudice, and manifest disregard of the law." Appellants' Brief at 2.

Judicial review of common law arbitration awards is narrowly circumscribed. *Bole v. Nationwide Insurance Co.,* 238 Pa.Super. 138, 352 A.2d 472 (1975). Courts will not set aside an award because the arbitrators made mistakes of law or fact. *Runewicz v. Keystone Insurance Co.,* 476 Pa. 456, 383 A.2d 189 (1978). Rather, to set aside an award the court must find fraud, misconduct, corruption, or similar irregularity, leading to an unjust, inequitable, or unconscionable result. *Runewicz v. Keystone Insurance Co., supra; Allstate Insurance Co. v. Fioravanti,* 451 Pa. 108, 299 A.2d 585 (1973); *Harwitz v. Selas Corp. of America,* 406 Pa. 539, 178 A.2d 617 (1962). Furthermore, to prevail on this ground, the appealing party must show actual fraud, involving collusion with one of the parties, or misconduct intended to

create a fraudulent result. *Allstate Insurance Co. v. Fiora-vanti, supra* 451 Pa. at 115, 299 A.2d at 589. An argument that the arbitrators were prejudiced or partial, or that they reached an award so unjust that it constitutes constructive fraud, will not be heeded. *Id.* Similarly, an "irregularity" will not be found simply upon a showing that an incorrect result was reached. *Press v. Maryland Casualty Co.*, 227 Pa.Super. 537, 324 A.2d 403 (1974).

Appellants nonetheless argue that the award here typifies the kind of abuse the Supreme Court reserved for review in *Allstate Insurance Co. v. Fioravanti, supra* :

It is possible to hypothocate [*sic*] an arbitration award which imports such bad faith, ignorance of the law and indifference to the justice of the result as to cause us to give consent to the phrase "other irregularity" since it is the most definitionally elastic of the grounds for vacatur. While we do not feel the present case achieves that dubious distinction, we are not without power to act should such a case arise.

451 Pa. at 116, 299 A.2d at 589 (footnote omitted). Some members of this court have indicated that in their opinion this argument has merit. *See Runewicz v. Keystone Insurance Co.*, 234 Pa.Super. 355, 338 A.2d 602 (1975) (Opinion of JACOBS, J.) (Opinion of SPAETH, J.). The Supreme Court, however, has limited *Fioravanti,* holding that a showing that an award is "blatantly at odds with the contract involved . . . without more, cannot be a basis for a finding of such misconduct as would justify setting the award aside." *Runewicz v. Keystone Insurance Co., supra,* 476 Pa. at 463, 383 A.2d at 193.

## II.

Appellants further argue that the arbitrators' action in entering awards to appellee Denney on claims she never made denied them their due process right to a fair hearing, because they had no opportunity to make arguments or introduce evidence with respect to those claims.

It is indisputable that even in the absence of fraud or misconduct as those terms have been defined by *Runewicz v.*

*Keystone Insurance Co., supra,* a court may set aside an arbitration award if the parties were not accorded a fair hearing. *Smaligo v. Fireman Fund Insurance Co.,* 432 Pa. 133, 247 A.2d 577 (1968); *Harwitz v. Selas Corp. of America, supra; Newspaper Guild v. Philadelphia Daily News, Inc.,* 401 Pa. 337, 164 A.2d 215 (1960). Thus in *Smaligo,* the Supreme Court set aside an award because the panel had refused the plaintiff in a personal injury action an opportunity to present testimony on her lost future earnings.

 The action of the panel here constituted as overt a denial of due process as did the action of the panel in *Smaligo.* Notice and the opportunity to be heard are essential elements of a fair hearing. *Allstate Insurance Co. v. Fioravanti, supra.* Litigants require not simply notice that a hearing is to occur, but also notice of the issues to be litigated. A principal function of pleadings, even in their shortened, modern form, is to focus the litigants' attention on the issues so that they may marshal their evidence and prepare their arguments. Thus notice is integrally linked to the right to be heard, for without notice, litigants are ill-equipped to assert their rights and defend against claims. Here, appellants were denied their right to notice, and so their right to be heard. They were never told that the panel might enter awards to appellee Denney on claims she never made. Consequently, they never marshalled such evidence nor prepared such arguments as they might have had against the claims.

Appellees argue that due process was not denied, because the arbitrators heard testimony regarding appellee Denney's place of residence, from which they could conclude that she was a Pennsylvania resident entitled to recover under the policies with Mary Mellon and Jack Mellon. This argument is without merit, for since the parties had no conception that the arbitrators were considering this evidence as it related to claims under these policies, they could not intelligently address this evidence. Furthermore, appellee Denney's place of residence was only one issue relevant to the claims; appellants might have raised other compelling arguments

against the claims had they known that the claims were under consideration.[1]

## III.

Appellants finally argue that if we decide—as we have just decided—that a portion of the arbitration award is invalid, the proper disposition is to vacate the award entirely and remand for a new arbitration.

■ There is little precedent to guide the court in resolving this issue. Appellants rely upon two nineteenth century decisions that emphasized the non-severability of arbitration awards, in holding that a defect in one part of an award rendered the entire award void. *Hamilton v. Hart*, 125 Pa. 142, 17 A. 226 (1889); *Power v. Power*, 7 Watts 205 (1867). Given the modern importance of arbitration, however, we are not persuaded to follow this rule without qualification. Certainly, in those cases where a court finds fraud or misconduct there is reason to vacate the entire award, for such impropriety would taint the entire award. Here, however, we have found no fraud or misconduct. Furthermore, appellants do not challenge the entire award but only the awards to appellee Denney under the policies with Mary Mellon and James Mellon.

■ In certain instances, courts have affirmed one portion of an arbitration award while setting aside the rest. *Swift Industries, Inc. v. Botany Industries, Inc.*, 325 F.Supp. 577 (W.D.Pa.1971) *affirmed*, 466 F.2d 1125 (3d Cir. 1972); *Moyer v. Van-Dye-Way Corp.*, 126 F.2d 339, 341 (3d Cir. 1942); *Alameda County Water District v. Spring Valley Water Co.*, 67 Cal.App. 533, 227 P. 953 (1924). The rule propounded by the Third Circuit Court of Appeals in *Moyer v. Van-Dye-Way, supra*, is that part of an award may be affirmed if it is separable from and not dependent upon the rest of the award. 126 F.2d at 341. This is a sensible rule, we believe, and we adopt it.

1. For instance, it appears that appellee Denney would have had to establish that she was a relative and resident of the Mellon household in order to recover under the uninsured motorist provisions of the policies. So far as appears, she was neither.

■ Here, the disputed part of the award involves separate claims under different theories of liability. The only attack upon the award is that these separate claims were not properly before the arbitrators. Therefore, only that part of the award as pertains to these separate claims will be set aside.

■ Ordinarily when part of an award is set aside, the proper disposition is to remand the case to the arbitrators for reconsideration of the part set aside. *See LaVale Plaza, Inc. v. R. S. Noonan, Inc.*, 378 F.2d 569 (3d Cir. 1967). Here, however, remand would be inappropriate. Appellees never raised the claims that were improperly considered by the arbitrators. It would be unfair to appellants to permit these claims to be considered on remand simply because the arbitrators in the first instance improperly considered them. Appellees have been heard on all of the claims they elected to raise.

The order of the lower court is reversed in part, and the award is set aside so far as it pertains to the claims by appellee Dianne Denney under the Travelers policy with Mary Mellon and the Charter Oak policy with James Mellon. Otherwise, the order of the lower court is affirmed.

CERCONE, President Judge, dissents.