## Paul L'Esperance, Inc. v. Wunder

*William L. McLaughlin,* for plaintiff.
*David L. Marshall,* for defendant.

STIVELY, *J.*, February 11, 1981—This opinion is written pursuant to Pa.R.A.P. 1925, plaintiff having appealed this court's order dated July 16, 1980 denying plaintiff's petition to vacate the arbitrator's award in this matter dated August 25, 1978.

This dispute arises out of a building contract between plaintiff, who is a building contractor and designer of contemporary homes, and defendant. The parties entered into the building contract following defendant's purchase of a design from plaintiff. Defendant refused to pay approximately $14,000 of the contract price, alleging failure to perform according to the terms of the contract. In January, 1978, plaintiff filed a demand for arbitration with the American Arbitration Association. At the conclusion of the hearing, the arbitrator entered an award requiring plaintiff to pay defendant $3,338.02.

Plaintiff presents several grounds for his appeal alleging denial of due process, which will be considered seriatim. Initially, we set forth the standard of review for the court when considering an arbitrator's award. As stated by the Pennsylvania Supreme Court in P. G. Metals v. Milton L. Hofkin, 420 Pa. 620, 218 A.2d 238 (1966):

". . . an award of arbitrators in a common-law arbitration is conclusive and binding and cannot be attacked unless it can be shown by clear, precise and convincing evidence that the parties were denied a hearing, or there was fraud, misconduct, corruption or some other irregularity which caused the rendition of an unjust, inequitable or unconscionable award."

Accord Great American Ins. Co. v. American Arbitration Ass'n., 436 Pa. 370, 260 A.2d 769 (1970). Allstate Insurance Co. v. Fioravanti, 451 Pa. 108, 299 A.2d 585 (1973). Courts will not set aside an award because the arbitrator made mistakes of law

or fact. Runewicz v. Keystone Ins. Co., 476 Pa. 456, 383 A.2d 189 (1978).

Plaintiff's first argument is that the arbitrator assumed jurisdiction of matters not submitted to arbitration, namely the fee for design of a dwelling house paid for before the building contract was entered into. In February, 1978, plaintiff received from defendant a document entitled "Counterclaim and Answering Statement." Plaintiff did not file a responsive pleading, asserting that what he received did not constitute a properly pleaded counterclaim and thus required no response. Defendant submitted additional evidence prior to the hearing held May 23, 1978. As arranged at the hearing, both parties submitted evidence after the hearing. The correspondence indicates that information was submitted through August 9, 1978, the parties having been advised by letter dated July 31, 1978 that the hearing would be declared closed on August 10, 1978. By letter dated June 5, 1978 from plaintiff's counsel to the arbitrator and by brief submitted August 9, 1978, plaintiff discussed the issue of the design fee. As acknowledged on page 26 of plaintiff's brief sur petition to vacate arbitration award, "The question of recovery by [defendant] of the price of the design was briefed for the arbitrator by the attorney for [plaintiff], as well as by [the attorney for defendant]."

Admittedly, the design fee of $2,500 was paid by defendant to plaintiff prior to the date of the contract providing for the construction of the home. Nonetheless, the arbitrator may have considered the design plan an integral part of the building contract. Even if the arbitrator erred in awarding the design fee, such error would not constitute ". . . fraud, misconduct or other irregularity" so as to cause "the rendition of an unjust, inequitable or un-

conscionable award." Allstate Insurance Co. v. Fioravanti, 451 Pa. 108, 299 A.2d 585 (1973). As recognized by the court in Press v. Maryland Casualty Co., 227 Pa. Super. 537, 324 A.2d 403 (1974), "the term 'irregularity' does not refer to the result of an arbitration, i.e., the award, but to the process employed in reaching that result." This court finds that plaintiff was provided with adequate notice and a fair hearing of the issue of the design fee. Allstate Insurance Co. v. Fioravanti, supra. Thus plaintiff's first argument does not provide a basis for vacating the arbitrator's award.

Plaintiff's second argument is that the arbitrator disregarded the rules of the American Arbitration Association, specifically sections eight and 39. These sections relate to the filing of counterclaims and requests for extensions. Such a technical violation of the arbitration rules does not provide a basis for vacating an arbitrator's award when a full hearing as to the issues is held. Neither would such a technical violation be suggestive of impropriety or so taint the proceedings as to require that the award be vacated. The technical violation in GEICO v. Lane, 264 Pa. Super. 613, 401 A.2d 765 (1979), involved direct communication between the arbitrator and counsel for one side, which ultimately led to the issuance of a corrected award. The court in GEICO v. Lane concluded that even the appearance of impropriety was sufficient to compel vacating the arbitrator's award. No such impropriety is suggested in the instant case.

Plaintiff's third argument is that the arbitrator refused a continuance or postponement called for because the arbitrator allegedly considered matters not pleaded by defendant and of which plaintiff allegedly had no prior notice. Based upon the preceding discussion, we find that plaintiff had adequate

notice and opportunity for a fair hearing of the issues before the arbitration hearing was officially closed on August 10, 1978. Allstate Insurance Co. v. Fioravanti, 451 Pa. 108, 299 A.2d 585 (1973). The present case is not analogous to Mellon v. Travelers Insurance Co., 267 Pa. Super. 191, 406 A.2d 759 (1979), wherein the court vacated an arbitrator's award made pursuant to policies against which claims had never been instituted. In Mellon, defendant was clearly denied notice and an opportunity for a hearing with respect to the awards that were subsequently vacated.

Plaintiff presents no authority to justify the vacating of the arbitrators award because of the alleged rudeness and uncivil behavior of the arbitrator or the alleged disorderly nature of the hearing.

Plaintiff's final two arguments involve allegations of bias on the part of the arbitrator against plaintiff. In Mellon v. Travelers Insurance Co., 267 Pa. Super. 191, 406 A.2d 759, 761 (1979), the court stated, "An argument that the arbitrators were prejudiced or partial or that they reached an award so unjust that it constitutes constructive fraud, will not be heeded." Of course, conduct by the parties or the arbitrator suggesting impropriety or corruption is grounds for vacating an award. GEICO v. Lane, 264 Pa. 615, 401 A.2d 765 (1979). There is nothing to suggest conduct by the parties or the arbitrator which would justify vacating the award.

For the foregoing reasons, this court entered the order dated July 16, 1980 denying plaintiff's petition to vacate the arbitrator's award.