## Gill v. Diehl

*Richard C. Snelbaker*, for petitioners.
*Roger M. Morgenthal*, for respondent.

SHUGHART, *P.J.*, January 13, 1983—This dispute arose out of an agreement between petitioners and respondent. The agreement contemplated the

construction of a ranch-style home with a two car garage by respondent for petitioners and included a provision for brick veneer to be applied to the house. Things proceeded smoothly until disagreement surfaced over the quality of the brick veneer.

The agreement expressly provided for arbitration of any disputes. The terms of the agreement reveal that the decision of the arbitrators "would be binding upon the parties to [the] contract." Consequently, the parties submitted the dispute over the brickwork to a panel of arbitrators. The pertinent part of their decision is as follows:

The decision of the arbitrators on this matter is that the brickwork be removed and replaced to the satisfaction of the Gills; that the cost of the work be established through competitive bidding among at least three bidders . . . The cost of the work is to be shared on the basis of 70 percent paid by Mr. Diehl and 30 percent paid by Mr. and Mrs. Gill at immediate completion of the work.

Petitioners ask us to vacate the arbitrators' award on the ground that it was "irregular" in that (1) the arbitrators provided an equitable remedy (specific performance) when such a remedy exceeded their inherent power and (2) the arbitrators' award is too indefinite to enforce since it depends on the personal satisfaction of petitioners.

It appears at the outset that all parties agree that this case is governed by section 7341 of the Judicial Code* relating to common law arbitration. One who seeks to overturn the award of a common law arbitrator bears a heavy burden indeed. See Pennsy Supply, Inc. v. Nicholson Co., 31 Cumberland 408 (1981). Section 7341 apprehends that absent "deni[al of] a hearing . . . fraud, misconduct, corrup-

---

*Judicial Code of July 9, 1976, as amended, 42 Pa.C.S.A. §7341.

tion or other irregularity" an arbitrators' award will not be overturned. 42 Pa.C.S.A. §7341. Judge Spaeth makes clear the full import of these words in Mellon v. Travelers Insurance Co., 267 Pa. Super. Ct. 191, 406 A. 2d 759 (1979), when he points out:

"to set aside an award the court must find fraud, misconduct, corruption, *or similar irregularity,* leading to an unjust, inequitable, or unconscionable result. [Citations omitted.] Furthermore, to prevail on this ground the appealing party must show actual fraud, involving collusion with one of the parties, or misconduct intended to create a fraudulent result." (Emphasis added.)

Id. at 195-96, 406 A. 2d at 761. Thus, an "irregularity" requiring an award to be overturned must be similar in nature to "fraud, misconduct, or corruption." A mere error of law or of fact is insufficient. Mellon, supra.

Petitioners allege irregularity in the arbitrators' use of equitable powers and in the indefinite nature of the award. We note with more than a little wonder that the latter complaint stems from the provision in the arbitrators' award that the new brickwork must be accomplished to the satisfaction of petitioners. Those very petitioners now claim this makès the award indefinite. They argue, in effect that they will have difficulty acting in good faith to exercise the condition of personal satisfaction. It is clear, however, that the law would require petitioners to act in good faith. In Commonwealth v. Berger, 11 Pa. Com. 332, 312 A. 2d 100 (1973), Commonwealth Court indicated that the concept of personal satisfaction is limited by the "inherent . . . principle . . . that the dissatisfaction must be genuine and not prompted by caprice or bad faith." Id. at 340, 312 A. 2d at 105. In any event Berger clearly implies that contracts conditioned on the

personal satisfaction of a party are not too indefinite to be enforced. Likewise, we do not believe the arbitrators' award is too indefinite because it depends on the personal satisfaction of the Gills.

With respect to the arbitrators' exercise of equitable power, petitioners, unable to cite any Pennsylvania case law, nevertheless did find a number of commentators whose comments could be viewed as supporting the petitioners' position. See, e.g., Rubens, Pennsylvania Arbitration Guide §13.4 (1974). Pennsylvania appellate court decisions in this area of the law, however, generally indicate the very broad powers arbitrators possess, even if we failed to find any case directly on point. See for instance United Transportation Union Local 1594 v. Southeastern Pennsylvania Authority, 28 Pa. Commw. 323, 308 A. 2d 834 (1977), in which Judge Rogers states that "[a]rbitrators have broad powers in fashioning remedies." Id. at 327, 368 A. 2d at 836.

In the final analysis, we see no need to pass on this issue since even if the exercise of equitable powers by the arbitrators could be called an irregularity, we would still refuse to vacate their award. The discussion of Mellon v. Travelers Insurance Co., 267 Pa. Super. 191, 406 A. 2d 759 (1979), above indicates that an irregularity justifying the overturning of a common law arbitration award must be of the equivalent of fraud. The use of equitable powers by the arbitrators here could hardly be characterized as anything resembling fraud. Furthermore, only an irregularity resulting in "an unjust, inequitable or unconscionable award," 42 Pa.C.S.A. §7341, will cause an award to be vacated. Petitioners' assertion of injustice occupies a total of three lines in their brief. They never really explain in just what respect the award is unjust. We suspect they could not point to why the

award is unjust precisely because there is nothing unjust or unconscionable about it. Therefore, the arbitrators' award should stand even if irregularity does exist.

## ORDER

And now, January 13, 1983, for the reasons appearing in the opinion filed this date, petitioners' request to vacate the award of the arbitrators is denied and the petition therefor is dismissed.