## L. B. Marks Construction Co., Inc. v. Middlesex Twp. Municipal Authority

. *James T. Reilly*, for plaintiff.
*Richard C. Snelbaker*, for defendant.

BAYLEY, *J.*, June 20, 1984—Plaintiff, L. B. Marks Construction Company, Inc., entered into a

written construction contract with defendant, Middlesex Township Municipal Authority for work on a sewer system. The contract contained the following arbitration clause:

30. Arbitration

30.1 All claims, disputes and other matters in question arising out of, or relating to, the CONTRACT DOCUMENTS or the breach thereof except for claims which have been waived by the making and acceptance of final payment as provided by Section 20, may be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.

A dispute arising out of this contract was litigated before arbitrators appointed by the American Arbitration Association. On February 21, 1984, the arbitrators entered an award in favor of plaintiff in the amount of $268,069.09. The arbitrators specifically declined the claimant's request for interest to the date of the award. They further ordered that the fees incident to the arbitration should be borne equally by the parties. The share of Middlesex Township's fees that have been prepaid by plaintiff amounts to $1253.09.

No appeal was filed by defendant to this award. On April 9, 1984, plaintiff petitioned this court to confirm the award and enter judgment on same. A rule to show cause was issued which defendant answered with new matter claiming that plaintiff's work under the contract has not been satisfactorily completed and it, in effect, is entitled to a set off

against the amount awarded by the arbitrators.* The issue now before us is whether or not the record warrants the confirmation of the award and the entry of a judgment. If so, we must further determine if interest is to run from the date of the award or the date any judgment is entered. Defendant objects to the confirmation of the award and entry of a judgment and in the alternative objects to the assessment of interest from any date if a judgment is entered. Plaintiff further seeks, and defendant objects, to an award of counsel fees incurred for this proceeding.

## DISCUSSION

The essence of defendant's claim that the award should not be confirmed and a judgment entered is its allegations that the contract has not been completed; additional damages in the form of a set off are due to it and the payment schedule in the written contract precludes it from making payments on the award in light of these facts. This argument concedes that in order for us to provide such relief we would have to examine the written contract and determine whether payment of the award is due under the payment schedules provided for therein. Since the contract is not now part of the record, defendant requests a hearing to admit evidence in support of its position.

Defendant cites no authority to support its position that this court can now examine the contract to

---

*Procedurally, the plaintiff filed a second motion to confirm the award as a matter of course. This court issued another rule to show cause on April 27, 1984, which the defendant answered with new matter. Essentially the same defenses to the confirmation of the award and entry of judgment were raised in this second set of pleadings.

determine whether an award should be confirmed and judgment entered pursuant to our narrowly defined statutory review of common law arbitrations. In fact, the authority is exactly to the contrary.

Our authority to review common law arbitration is set forth in the Judicial Code at 42 Pa. C.S.A. §7341. This provision provides that an arbitration award: may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

No such allegations have been made by defendant. Defendant, in effect, asks us not to confirm the award because of a mistake of law or fact. It argues that the award is not payable under the contract as a result of further disputes which have arisen between the parties. It is clear that a common law arbitration will not be set aside for a mistake of law or fact, even if they exist, but rather the court must find fraud, misconduct, corruption or similar irregularity leading to an unjust result. Mellon v. Travelers Insurance Company, 267 Pa. Super. 191, 406 A.2d 759 (1979). Even irregularity will not be found simply upon a showing that an incorrect result was reached. Id. at 196. Midvale Florists v. Keane, 213 Pa. Super. 322, 247 A.2d 799 (1968).

The procedure for confirming and entering a judgment of an award from common law arbitration is set forth in the Judicial Code at 42 Pa. C.S. §7342(b):

"(b) confirmation and judgment—On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common law arbitration) the court shall

enter an order confirming the award and shall enter a judgment or decree in conformity with the order."

The procedure for confirming awards and entering judgments thereon does not allow this court to review the contract and resolve disputes that should have been raised in this arbitration or further disputes that may be raised in subsequent arbitrations. This is in conformity with the holdings of the Pennsylvania Supreme Court that our public policy and statutes encourage arbitration as a means of relieving crowded court dockets. Waddell v. Shriber, 465 Pa. 20, 348 A.2d 96 (1975); Ambridge Borough Water Authority v. Columbia, 458 Pa. 546, 328 A.2d 498 (1975).

Furthermore, where the arbitration clause is broad, as in this case, the law is clear that any subsequent dispute that may arise after the arbitration or that matter even after the contract is terminated should be submitted to arbitration. Waddell v. Shriber, supra. The fact that there may be further disputes between the parties does not limit the right of plaintiff to obtain a judgment on those issues already finally litigated as long as there has been no claim made before this court raising the limited issues that may result in an award by common law arbitration being reversed pursuant to 42 Pa. C.S. §7341.

Additionally, plaintiff claims interest on the prinicipal amount of $268,069.09 from the date of the award by the arbitrators on February 21, 1984. The Judicial Code, 42 Pa. C.S. §8101 provides:

"Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award."

Defendant claims that because the term "award" is not defined, it is an unwarranted conclusion to construe the term to mean the date of the decision of the arbitrators. We disagree.

We are entering judgment upon our confirmation of the award of the arbitrators. The statute requires that the judgment shall bear interest "from the date of the verdict or award." The statute uses the terms "verdict" and "award" differently from the term "date of judgment." The term "award" is synonomous with "verdict" and not "date of judgment;" accordingly, legal interest runs from the date of the award of the arbitrators on February 21, 1984. See Ralph Myers Contracting Corporation v. Department of Transportation, 496 Pa. 197, 436 A.2d 612 (1981).

Plaintiff further seeks an award of counsel fees in these proceedings pursuant to the Judicial Code, 42 Pa. C.S. §2503(7). While it is clear that the award must be confirmed and judgment entered absent an appeal by defendant pursuant to 42 Pa. C.S. §7341, we are not satisfied that the issues raised in this proceeding warrant a sanction for dilatory, obdurate, or vexacious conduct. However, the delay occasioned by this proceeding is another reason which supports the running of interest from the date of the award.

For the foregoing reasons, the following order is entered

## ORDER OF COURT

And now, this June 20, 1984,

(1) The award of arbitrators dated February 21, 1984, in favor of L. B. Marks Construction Company, Inc., against Middlesex Township Municipal Authority, in the amount of $268,069.09, is confirmed;

(2)  Judgment is entered in favor of plaintiff for:
(a)  $268,069.09, with legal interest thereon from February 21, 1984;
(b)  Costs in the amount of $1253.09.

