## Heine v. Lupowitz

*Alan Epstein,* for plaintiffs.
*William Barker,* for defendant.

GOODHEART, *J.,* March 26, 1991—On November 9, 1990, this court issued an order vacating an arbitrator's award on the ground that in doing so the arbitrator had exceeded his authority. Briefly, this court had been petitioned to order a single issue to arbitration, which was done. After hearing testimony, the arbitrator fashioned a remedy beyond his power. Consequently, the award was vacated and the matter remanded to the arbitrator for a finding within the scope of the original submission. For the reasons that follow, the order of November 9, 1990, should be affirmed.

## PROCEDURAL HISTORY

This action was commenced by Aaron Heine and Arthur Fatt and Camden Securities Company d/b/a Chelwyn Associates (the Chelwyn group). Heine and Fatt control 62.5 percent of Chelwyn Associates, a partnership whose principal asset is the Oak Summit Apartments in Glenside, Pennsylvania. Harold B. Lupowitz, who has been a partner in Chelwyn since 1965, also served as manager of the apartment building since 1968. In May 1976 the Chelwyn group brought this action in the Court of Common Pleas of Philadelphia County to have Lupowitz removed as manager. An injunction was entered on May 28, 1976, by Judge Maurice Sporkin barring Lupowitz from further involvement with and precluding his access to Oak Summit Apartments.

In July 1977 Lupowitz filed a petition seeking the court to appoint a receiver for Chelwyn Associates to protect his interests. The Chelwyn group filed preliminary objections on the ground that under the amended partnership agreement entered into by the parties, the question of whether a receiver should be appointed was to be settled by arbitration in Philadelphia, Pennsylvania, pursuant to the rules of the American Arbitration Association. Judge Sporkin agreed and on January 17, 1980, ordered that the issue of receivership be submitted to arbitration. Subsequently, on February 19, 1980, Lupowitz submitted a demand for arbitration under the American Arbitration Association rules to Aaron Heine. The question presented was "[w]hether or not a receiver should be appointed for Chelwyn Associates, a partnership."

Over the next eight years there was a series of motions filed seeking everything from modifications of the court's orders, stays of the arbitration, and authority to hire roofers to repair the property

involved. Twice, in 1980 and 1983, the Chelwyn group filed appeals with the Superior Court of Pennsylvania. Both times the proceedings below, including the arbitration, were stayed pending the outcome of the appeal. Both times the appeals were denied and the case remanded. After the first remand of the case several motions were decided by Judge Charles P. Mirarchi Jr.,[1] including a order modifying the original injunction, to allow Lupowitz and his representatives to enter the subject premises for the purpose of inspecting the records. In late 1987 this case was assigned to this court for trial purposes, whereupon Lupowitz filed a motion to compel arbitration.

On April 15, 1988, this court entered an order granting the motion to compel arbitration, and directing that the parties "complete all discovery on the receivership issue by August 1, 1988 and [that] the arbitration on that issue shall commence no later than September 15, 1988."

Again, the Chelwyn group appealed to the Superior Court. Upon receipt of the notice of appeal a second order was issued, dated May 31, 1988, directing the plaintiffs/appellants to file a statement of the specific matters complained of on appeal within 14 days. Meanwhile, Lupowitz had filed a motion to dismiss the appeal. The motion was granted and the appeal, docketed at no. 1436 Philadelphia 1988, was dismissed per curiam by the Superior Court on June 15, 1988.

On July 26, 1988, this court issued an order modifying the April 15 order as follows:

"The parties are hereby directed to complete document discovery in this matter . . . by Septem-

---

1. Judge Mirarchi presided in motions court throughout the relevant period; this case had not been assigned to him for trial purposes.

ber 30, 1988 . . . [A]ll discovery shall be completed by November 15, 1988. The arbitration hearing in this matter shall commence on December 15, 1988 and the American Arbitration Association is hereby directed to schedule the arbitration hearing for that date. In all other respects, the order of April 15, 1988 shall remain in full force and effect."

The Chelwyn group filed a motion for clarification of the order which was denied on October 19, 1988.

After additional discovery disputes not relevant here, an arbitration hearing was finally conducted in March 1989 before Edward A. Pereles, arbitrator. On July 27, 1989, Mr. Pereles issued his award, granting Chelwyn Associates the choice between paying Lupowitz a lump sum for his interest in Chelwyn Associates or applying to the court for the appointment of a receiver. The award further outlined what the receiver's duties would be. The Chelwyn group appealed the award as being beyond the scope of the arbitrator's power and seeking the appointment of a new arbitrator.

On November 9, 1990 this court entered an order vacating the July 17, 1989, arbitration award on the basis that said award went beyond the scope of the arbitrator's authority, and remanding the matter to Mr. Pereles for the sole purpose of determining whether or not a receiver should be appointed for Chelwyn associates.[2] Cross-appeals of this order were filed and are now pending.

---

2. This court's original order vacating the arbitration award was entered on September 24, 1990, but neither party received their copies from the prothonotary until some weeks later. Consequently, the first order was vacated and a new order was entered on November 9, 1990.

## DISCUSSION

The sole issue which was presented to this court was whether or not the arbitrator exceeded his powers in fashioning a remedy. Since the sole issue presented to him was whether or not a receiver should be appointed, this court found that he had gone beyond the scope of his assigned task.

There are many collateral issues which have already been decided in this case at the trial court level, and in some instances at the appellate level. Their merits need not be debated again, but certain conclusions reached must be noted. It was decided years ago that under the amended partnership agreement entered into by the parties, the question of whether or not a receiver should be appointed is a question to be properly determined by arbitration. Consequently, the orders directing that this issue be submitted to arbitration were proper.

The issue presented to this court was whether the arbitrator had the authority to fashion what he thought to be an appropriate award. While such authority may be granted in some cases, as when a case is submitted to arbitration generally, when, as here, a specific question is posed, the arbitrator may do no more than to answer that question. In *Ostroff v. Keystone Insurance Co.,* 357 Pa. Super. 109, 515 A.2d 584 (1986), *alloc. denied,* 515 Pa. 582, 527 A.2d 542 (1986), the court held that arbitrators have no power to determine the extent of their own jurisdiction. When a specific question is submitted to arbitration, the arbitrator may do no more than to answer that question. *Id.* at 118, 515 A.2d at 589.

While Mr. Lupowitz is correct in stating that under common-law arbitration arbitrators have wide latitude as to the issue they decide, such is not the case when only a specific question is submitted to an

arbitrator. *Hade v. Nationwide Insurance Co.,* 519 Pa. 227, 546 A.2d 615 (1988).

Having determined that the arbitrator exceeded his authority, the question remains as to what is the proper remedy for this court to order. In *Ostroff* the court stated that the court which orders an arbitration has the jurisdiction to vacate an award made beyond the scope of the arbitrator's authority. Having ordered the arbitration this court has the jurisdiction to vacate an award made beyond the scope of its own order.

In deciding whether to remand a matter to the original arbitrator or to send it to a new arbitrator, the circumstances of the remand must be examined. See e.g., *Mellon v. Travelers Insurance Co.,* 267 Pa. Super. 191, 406 A.2d 759 (1979). Since the reason for remand here was simply that the arbitrator had gone beyond the scope of his power, and not because of any alleged impropriety, there was no reason to remove him from the matter. Additionally, since Mr. Pereles was already familiar with the facts of the case, no further testimony would have been required as it would have been had the arbitrator been replaced. The Chelwyn group's request for a new arbitrator would serve no purpose but to cause unnecessary delays in what has already been an extremely protracted matter.

## CONCLUSION

For all the foregoing reasons, the order of November 9, 1990, vacating the July 27, 1989, arbitration award and remanding the matter to arbitration, should be affirmed.