## A. Perrotta Contracting Inc. v. Four Brothers

*Ronald R. Retsch,* for petitioner.
*Arnold Shiflett,* pro se.

PICCIONE, *J.,* November 1, 2007—In May of 2006, A. Perrotta Contracting, Inc. (petitioner) and Four Brothers and Arnold Shiflett (collectively referred to as respondent), entered into a subcontractor's agreement. This agreement contained a provision that should a dispute arise that the parties could not resolve, such dispute would be decided in accordance with the Construction Industry Rules of the American Arbitration Association and the Uniform Arbitration Act of Pennsylvania. A dispute did arise that the parties were unable to resolve.

The parties availed themselves of arbitration through the American Arbitration Association and a hearing was held before an arbitrator on May 10-11, 2007 to settle such dispute. Although the hearing was only scheduled to last one day, for various reasons it lasted two days. On June 5, 2007 the arbitrator made a written award in favor of the respondent. At the hearing held on October 1, 2007 before the court, the court heard testimony that the arbitrator fell asleep intermittently throughout both days of the hearing, which included sleeping during the testimony of several witnesses.

Chapter 73 of the Pennsylvania Judicial Code governs statutory and common-law arbitration. 42 Pa.C.S. §§7301-7342. Sections 7301-7320 of subchapter A governs statutory arbitration proceedings and are known collectively as the Pennsylvania Uniform Arbitration Act (UAA). Sections 7341 and 7342 of subchapter B apply to common-law arbitration proceedings. There are two requirements for an arbitration to be considered statutory arbitration rather than common-law arbitration: (1) that the agreement to arbitrate be in writing; and, (2) that the writing expressly provide for arbitration under subchapter A (which governs statutory arbitration) or any other similar statute. The court finds these two requirements were met in the instant case because the petitioner and respondent engaged in a written agreement that expressly provided for arbitration under the Uniform Arbitration Act of Pennsylvania.

Under statutory arbitration the standard for vacating an arbitrator's award is found in 42 Pa.C.S. §7314:

"(1) On application of a party, the court shall vacate an award where: (i) the court would vacate the award

under section 7341 (relating to common-law arbitration) if this subchapter were not applicable; (ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party; (iii) the arbitrators exceeded their powers; (iv) the arbitrators refused to postpone the hearing upon good cause being shown therefore or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or (v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing."

Further, "[I]t is indisputable that even in the absence of fraud or misconduct as those terms have been defined by *Runewicz v. Keystone Insurance Company,* 234 Pa. Super. 355, 338 A.2d 602 (1975), a court may set aside an arbitration award if the parties were not accorded a fair hearing." *Mellon v. Travelers Insurance Company,* 267 Pa. Super. 191, 196-97, 406 A.2d 759, 761 (1979) (citing *Smaligo v. Fireman Fund Insurance Company,* 432 Pa. 133, 247 A.2d 577 (1968)). Notice and opportunity to be heard are essential elements of a fair hearing. *Adelphia Cablevision Associates of Radnor L.P. v. University City Housing Company,* 755 A.2d 703, 712 (Pa. Super. 2000) (citing *Allstate Insurance Company v. Fioravanti,* 451 Pa. 108, 113, 299 A.2d 585, 588 (1973)).

When either element is denied, such party is denied due process. *Mellon, supra* at 197, 406 A.2d at 762.

In the instant case, the petitioner was denied the opportunity to be heard because it was impossible for the arbitrator to hear relevant testimony when the arbitrator was sleeping during the giving of such testimony.

## ORDER

And now, November 1, 2007, this matter being before the court on October 1, 2007 for a hearing on plaintiff's petition to vacate arbitration award, with Ronald R. Retsch, Esquire, appearing on behalf of the petitioner, and the respondent, Arnold Shiflett, appearing and proceeding pro se, it is hereby ordered, adjudged and decreed as follows:

(1) Plaintiff's petition to vacate arbitration award is hereby granted as expressed in the attached opinion.

(2) This case is remanded to the American Arbitration Association for hearing de novo before another arbitrator to be selected from the American Arbitration Association Panel.

(3) The prothonotary shall serve notice of this order and attached opinion upon counsel of record for the parties, Ronald R. Retsch, Esquire, and if a party has no counsel, then upon said party at their last known address as contained in the court's file.